The State of Iowa v. Berry.

## THE STATE OF IOWA v. BERRY.

1. HIGHWAY: NUISANCE. That portion of § 2759 of the Code of 1851, which declares the obstruction of a highway a nuisance, was not repealed by § 26 of chap. 154 of the acts of 1858.
2. INFERIOR COURTS: JURISDICTION MUST APPEAR. When exclusive jurisdiction of any subject is conferred by law upon an inferior court, and it has acquired jurisdiction of the subject matter in the manner prescribed by law, every presumption thereafter is in favor of the validity of its proceedings, and objections to irregularity in its action can be taken only on appeal or by *certiorari.*
3. SAME. When a petition and notice are necessary to confer upon an inferior tribunal jurisdiction of the subject matter, the record must show that a petition and notice were filed to raise such presumption in favor of the regularity of its proceedings.

*Appeal from Lee District Court.*

MONDAY, JUNE 10.

INDICTMENT and conviction for obstructing a highway. A motion in arrest of judgment being overruled, the defendant appeals.

*F. Semple* for the appellee, contended, that § 2759, Code of 1851, was repealed by § 26 of the act concerning roads and highways, passed in 1858; that records of the courts of limited and inferior jurisdiction, must show affirmatively the facts necessary to confer jurisdiction. *Cooper* v. *Sunderland,* 3 Iowa 114; *Morrow* v. *Weed,* 4 Iowa 77; *Wade* v. *Carpenter,* 4 Ib. 361; *Frazier* v. *Steenrod,* 7 Ib. 339.

*C. C. Nourse*, Attorney General, for the State, argued; 1. That § 2759, Code of 1851, was not repealed by the act of 1858; 2. That defendant could not set up as a defense, irregularities in the proceedings to establish a road when he was not prejudiced by such proceedings, and would not be heard, even in a direct action to vacate the order made thereon. *Commonwealth* v. *Weiher*, 3 Met. 445; *Mankin* v. *The State*, 2 Swan's R. 207.

BALDWIN, J.— A demurrer to the indictment presented to the court below the question, whether that portion of § 2759 of the Code, which declares the obstruction of a highway a nuisance, was not repealed by subsequent acts of the legislature. The counsel for appellant, in his argument, claims that § 26 chapter 154 of the acts of the legislature, approved March 28th, 1858, by express terms, as well as by implication, repeals the provisions of the section under which the defendant was indicted. By this section it is made the special duty of supervisors to open and keep in repair, the roads within his district; to remove all obstructions by fences or otherwise.

The counsel fails in his argument to satisfy this court that the section under which defendant was indicted has been repealed by any express act of the legislaiure; and we are unable to concur with him in the conclusion that it has been repealed by implication. The reasoning of the counsel is simply this: That the legislature by the enactment of the section above referred to, provided for the abatement of nuisances of this character, by making it the duty of the supervisor to remove such obstructions, and that this "new remedy" as it is termed, supercedes the necessity of the old one. If such was the intention of the legislature, then the evil disposed person who creates the nuisance is licensed to do so as often as he chooses, or as fast as the supervisors can abate it, and there is no punishment for the wrong committed, or law to prevent its recurrance. We further say, that if the

remedy provided by this section is a new one, it is merely cumulative and does not repeal the penal statute.  1 Bish. Cr. L. § 97;  *The State* v. *McGrew*, 11 Iowa 112.  Also that repeals by implication are not favored by the courts.  *Casey* v. *Harned*, as County Judge, 5 Ib. 1.

The second point made by the counsel for appellant is that the evidence failed to show such a state of facts as would justify a conviction.  The road obstructed was established by a county commissioner's court, under the acts of 1843–4.  The record of this court, which was introduced by the State and relied upon as showing the establishment of the road which it is claimed was obstructed, fails to show that a petition was ever filed, or any notice ever given of the application, or establishment of the road, as was required by the law then in force.  The Board of Commissioners, as a County Court, had exclusive jurisdiction in the laying out and establishment of county roads.  It was a court of record, but of inferior and limited jurisdiction, and no presumptions obtain in favor of the regularity of its proceedings, unless it fully appears that it had first acquired jurisdiction in the manner prescribed by law.  The doctrine of presumptions in favor of the regularity of the proceedings of a court of inferior jurisdiction is so fully discussed by WOODWARD, J., in the cases of *Cooper* v. *Sunderland*, 3 Iowa 114 and *Morrow* v. *Weed*, 4 Ib. 77, that we deem it unnecessary to do any thing further than to refer to authorities there cited, and the conclusions arrived at, as applicable to this case.  From the reasoning of the court in the cases there referred to, we think the rule indicated is this:  That where an inferior tribunal has exclusive jurisdiction over any subject, expressly conferred by the legislature, and where it has acquired jurisdiction over such subject matter in the manner prescribed by law, that every presumption thereafter is in favor of the legality of its proceedings, and that any objections to the irregularity of its action can not be raised collaterally, but must be upon appeal or *certiorari*.  Where

however, the record shows, as in this case, that such court never acquired jurisdiction, no presumptions obtain in its favor.

We do not undertake to say that in this case it was necessary for the State to have introduced the petition and notice which gave to the court its authority to establish the road; but it should appear in some manner from the record, that a petition was filed, and a notice given, as without that the court could not acquire jurisdiction.

Judgment reversed.