## KEYES & CRAWFORD v. TAIT *et al.*

1. **Highway:** RECITAL IN RECORD. The Laws of 1843 (p. 516, § 2) required that "a petition for the establishment of a highway should be signed by at least twelve householders of the county living in the vicinity:" *Held*, that an omission to recite, in either the petition or the record of the commissioners' court, that the petitioners are householders, was not a fatal defect in the establishment of the road.

2. —— EVIDENCE: RECORD. If, under the statute of 1843, it was necessary that the proof of the "setting up" of notices of an application for the establishment of a highway should be made in writing, or placed and kept on file, yet a court would be warranted by evidence showing the appointment of commissioners to establish the road, that the notices were given, and a long lapse of time during which the right of the public in the road was unchallenged, in inferring that the proof was made and lost from the files.

3. —— STATUTE OF LIMITATIONS. Under the Iowa statute of limitations, ten years' user of a highway by the public, under a claim of right, will bar the owner of the soil.

*Appeal from Polk District Court.*

FRIDAY, JUNE 23.

HIGHWAY: ITS EXISTENCE HOW ESTABLISHED, &C.: TRESPASS *quare clausum fregit.*—Answer: In justification that the *locus in quo* was a public highway, and the defendant, Tait, the road supervisor, and the other defendant his servant working on the highway, and that all they did was necessary to the improvement thereof. Referred to C. Bates, Esq., as referee, who, upon the evidence, reported that he found in favor of the existence of the highway as claimed by the defendants. The report was confirmed, and the plaintiff appeals.

*E. J. Ingersoll* for the appellant.

No appearance for the appellees.

DILLON, J.—The road in question was laid out under the prior road laws (Laws of 1843, p. 519; act June 19, 1844, p. 7, Laws of 1844). These laws not now being in force, we do not deem it essential to enter upon a minute and detailed examination of their meaning, and of the proper mode of proceeding thereunder. It appears from the evidence that a petition was "filed April 8, 1850," in the commissioners' court, for the appointment of viewers for the road in question. The statute (Laws 1843, p. 519, § 2) required such petition to be "signed by at least twelve *householders* of the county, living in the vicinity."

*1. HIGH-WAY: recital in record.*

It is objected that the petition does not itself state, nor does the record of the commissioners' court recite that the petitioners are *householders*. This omission we decide to be not fatally defective, if the road is otherwise a legal one. The statute (§ 3) required thirty days' *notice* of the petition to "be given by advertisement set up at the place of holding the commissioners' court, and three public places in each township," &c. "And on such petition being presented, and the commissioners being satisfied that such notice has been given, as aforesaid, they shall appoint viewers," &c.

*2. —— evidence: record.*

The jurisdiction was conferred by the law, the petition and the notice; and regularly the petition and the notice, or a copy of the notice, and proof of its posting should be *on file* or *recorded.* But nowhere in the statute do we find an express requirement that the *recording* of the notice and of proof of posting shall be requisite to the validity of the road; and it would clearly be sufficient if the notice and proof of the posting were on file. The present county officers are unable to find any notice or proof of notice on file. This alone does not conclusively establish the fact that none was in truth ever filed. The statute required the commissioners to be "*satisfied* that such notice had been

given " before they should appoint viewers. Viewers were appointed and the road established.

Proof *aliunde* was made before the referee showing that notices were set up as required by the law then in force, or which would justify the referee in so finding.

One of two propositions may be affirmed.

Either it is not necessary that proof of the " setting up" of the notice should be made in writing or placed and kept on file; or, 2d. If this be necessary, then in view of the fact that commissioners were appointed, that the extrinsic proof shows that notices were given, and the long lapse of time during which the right of the public in the road has been unchallenged, it is fair to infer that this proof was made and has been lost from the files.

It is our opinion, from the evidence, that jurisdiction attached; therefore the failure to mark the bond (Laws 1843, section 15), *approved*, or to enter its approval of record, and other irregularities in the time and mode of proceeding, do not invalidate the road.

The road was finally established at the January Term, 1851, and the referee finds, and this finding was justified 3. —— stat- by the evidence, that the road in question was ute of limi-
tations. opened and made passable for travel in the year 1851, and has been ever since used, worked and improved as a public highway. The present action was not brought until June 18, 1861.

Under our statute of limitations, ten years' user by the public, under a claim of right, will bar the claim of the owner of the soil.

Although there was evidence tending to show that the user by the public had been something less than ten years, we would not feel inclined to disturb a finding as against evidence which vested the rights of the public upon pre-scription alone.

Bates testifies that the road was opened the spring after

the survey (A. D. 1851); Hobson, the fall after, and McClelland has known the *locus in quo* as a highway for seven years. One Fouts owned the land now the property of the plaintiffs, from November, 1850, to April, 1852, when he sold to Busick, who continued to own it until 1859, when he sold it to the plaintiff. Busick distinctly testifies that "he understood the road was laid there previous to his buying the land, in 1851; that afterwards he got up a petition to change or vacate the road, which he afterwards dropped, because Rice, county judge, told him there was not a legal road in the county; whereupon he fenced in by the road, without regard to the road, until he got down to the house, but left room for travel along the fence, for himself and neighbors, if they wanted to travel it as a public highway." During this time, as found by the referee, the road has been used by the public, and wrought upon, and more or less improved, by the public authorities. After this long delay and acquiescence, we are fully justified by the authorities in holding that the officers of the public should not be held liable in trespass for acts done upon and in the improvement of the road.

This case is distinguishable upon its facts from *The State* v. *Berry*, 12 Iowa, 58, where there was neither petition or notice, or evidence that any had ever been on file.

In support of foregoing views, see *Dumoss* v. *Francis*, 15 Ill., 546; *Neally* v. *Brown*, 1 Gilm. (Ill.), 10; *Road Case*, 17 Serg. and Rawle., 388; *Arnold* v. *Flattery*, 5 Ohio 271, 273; *Iowa* v. *Town of Blackberry*, 29 Ill., 138; *Lewiston* v. *Proctor*, 27 Id., 417; *Daniel* v. *The People*, 21 Id., 442; *Green* v. *Oakes*, 17 Id., 251; Id., 369; 2 Greenl. Ev., §§ 541, 546.

Affirmed.

Cole, J., having been of counsel, took no part.