McCollister v. Shuey.

4. SUPREME COURT: judgment.

---

MᶜCOLLISTER v. SHUEY *et al.*

1. **Highway:** ESTABLISHMENT OF COUNTY ROAD: PETITION AND NO- TICE. A petition which asks "the appointment of a commissioner to open a road," instead of following the language of the statute and asking for "the establishment of a road," is a substantial com-

McCollister v. Shuey.

pliance with the statute. So, also, a notice of the time when application for the road will be made, using the same language, is sufficient.

2. —— POSTING OF NOTICES. The posting of such notice in *three* public places *for the required length of time* is a jurisdictional fact, without which the proceedings would be void. But the statute does not require the proof of such posting to be in writing or preserved of record, and although the affidavit of a person posting one of the notices fails to state the *time* when it was done, it will be presumed in the absence of any thing to show the contrary, that proof was otherwise made that the notice was posted for the length of time required by our law.

3. —— TOWNSHIP: STATUTE CONSTRUED. The word "township," as used in section 824 of the Revision, which provides, that notice of the presentation of a petition for the establishment of a road must be posted in three public places in each township through which the road passes, is construed to mean townships as organized and defined by our law, and not the *congressional* townships created by federal enactment.

4. —— MONUMENTS: PLAT. Sections 836 and 837 of the Revision, relating to the fixing of mile posts and other monuments, and the making of field notes and plat, are directory, and a failure to comply therewith will not render the proceeding void. That a compliance with these sections is contemplated when the commissioner is able to lay out the road without a surveyor, may well be questioned.

5. —— CERTIORARI. Proceedings in the establishment of a road will not be annulled on certiorari unless it is shown that the inferior tribunal has exceeded its proper jurisdiction or is otherwise acting illegally.

*Appeal from Johnson District Court.*

TUESDAY, MAY 5.

CERTIORARI to the board of supervisors of Johnson county, and the clerk thereof, bringing up for review the legality of the County Court in establishing a certain road. A temporary injunction was granted at the time the writ was issued. At the final hearing in the District

Court, the injunction was dissolved, and the writ and proceedings thereunder dismissed. The plaintiff appeals.

*Clark & Haddock* and *Fairall & Boal* for the appellant.

*Gaston & Williams* for the appellee.

COLE, J. — The proceedings before the County Court were for the purpose of, and resulted in, establishing " a road, commencing at the point on the Burlington road that, by running east, will reach the north-west corner of Sec. 13, T. 78, R. 6, west ; thence east along the north line of said section to the north-west corner of Sec. 18, T. 78, R. 5, west ; thence east along said line to the east line of the county." While this road extends into two congressional townships (ranges 5 and 6), it is nevertheless all embraced in one political or civil township, called Pleasant Valley. It appears from the record of the proceedings, certified under the writ to the District Court, that there was a contest in the County Court over the establishment of the road ; that a remonstrance was presented (though it is not certified up), and that the remonstrants appeared by their attorney, whose name is given. The illegality of the proceedings is claimed upon the following grounds :

I. The petition and notice were insufficient to give the County Court jurisdiction, — *First*, because the petition asked " the appointment of a commissioner to open a road." The statute provides, that " previous to the presentation of a petition for the establishment of a county road, etc." Rev. § 824 (519). But it also provides, that the first step in " the establishment of a county road," after giving the notice required, is " the appointment of a commissioner." The object or purpose of the petition was as apparent and

1. HIGHWAY: establishment of county road: petition and notice.

unmistakable by asking the appointment of a commissioner to open a road, as it would have been if the petition had asked the establishment of a road. It was not necessary to follow the precise language of the statute. The difference between the language used and that of the statute cannot be regarded as essential, and certainly not so essential as to render the proceedings illegal. There was a substantial compliance with the statute, and that is all that is requisite. *Town* v. *The Town of Blackbury*, 29 Ill. 137; *Keyes & Crawford* v. *Tait*, 19 Iowa, 123.

*Second*, the *notice* of the intended application for the road used the same language, to wit, that a petition would, at the time specified, be presented, asking "the appointment of a commissioner to open a road," etc. To this objection the same answer and authorities will apply as last above stated and cited.

*Third*, the proof of notice did not show the posting up of the required notice for the requisite length of time. The statute provides, that "four week's notice must be given by being posted up at the court-house door and in *three* public places in each township through which the proposed road is to pass and in the neighborhood of it. Rev. §§ 824 (519), 825 (520). Among the papers certified, under the writ, to the District Court, is found an affidavit by one I. N. Desellum, "that he posted one notice on the court-house door in Johnson county, and two copies in two public places near to the line of the road in Pleasant Valley township, in said county, four weeks prior" to the date of his affidavit, which was the date of presenting the petition. And there is also found an affidavit by one A. C. Moon, "that he posted up in a public place in Pleasant Valley township, in said county, near the line of the road, a notice, of which the above is a copy." This affidavit was made

2.— posting of notice.

on the same day as the other; but, as will be seen, it does not state *when* the notice was posted up, or that it was done four weeks before. If, in point of fact, the notice was posted in but *two* public places near the line of the proposed road, the time required by statute, or if there was no other proof made to the County Court of the posting of the notices than as disclosed by the affidavits as above, which are the only proofs found in the record, then, since the posting of the notices as provided by statute is jurisdictional, the proceedings would be, not only illegal, but void. But our statute does not require the proof of the posting of notices either to be made in writing or to be preserved of record. It is not improbable that Moon did state on oath to the county judge, by whom his affidavit was written and before whom it was verified, the time when he posted the notice, and that it was four weeks previous, and that the county judge omitted to incorporate that statement in the affidavit. But however this may be, we have nothing before us to show that due proof of such posting was not made. We are not authorized to presume that such proof was not made, and especially so in this case, where the record states directly " that due notice of the presentation of the petition on this day had been given as required by law; " and also in view of the further fact, that the plaintiff, in his petition for the writ of certiorari, does not assert or aver that due notice was not given, or negative the fact itself, but simply avers that, " upon examination of said affidavits it will appear that said notice was not posted up and notice duly given as required by law." *Keyes & Crawford* v. *Tait, supra.*

*Fourth,* the proof of notice does not show that notice was posted in each township and in the vicinity of the proposed road. The proof does show that notices were posted in Pleasant Valley town-

3. —— township.

McCollister v. Shuey.

ship, and near the line of the proposed road. It does not appear that it was posted in each congressional township; nor does the statute, in terms, require this. Our statute provides for the organization and alterations of townships (Rev. §§ 440 [218], 441 [219]); and it is just and reasonable to construe the word "township" when used in our statute, as having reference to townships as organized and defined by our law, rather than by federal enactment.

Under this general head we may well concede the correctness of the doctrine as stated by appellant's counsel, without being led to their conclusion. The rule, as stated by them, is, that "the notice required to be given, and the petition in substantial conformity with the statute, form the basis of proceeding; if they lack the *essential requirements* of the statute, the County Court acquired no jurisdiction." See *The State* v. *Berry* (12 Iowa, 58), in addition to authorities cited by appellant's counsel.

II. The appellant's counsel, for their second general point, maintain that "the establishing of the road was 4. —— monuments: plat. never completed, nor the proceedings subsequent to petition and notice sufficient." Because, *first*, "the location of the road was not fixed and designated by visible monuments;" and, *second*, "no plat of the road was returned and recorded."

The statute provides, that if the commissioner deem the establishment of the road expedient, he may proceed at once to lay it out, if he can. Rev. § 833 (528). But if the precise location cannot be otherwise given, he must call to his aid a surveyor and cause the road to be accurately surveyed and plainly marked out. § 834 (529). It is then provided, that mile posts must be set and marked, stakes set at each change of direction and crossing of fences and streams, and at one-fourth mile intervals. § 836 (531). Bearing trees established when convenient,

the position of the road relative to corners of sections, the junctions of streams, and other natural and artificial monuments, "must, as far as convenient, be stated in the field notes and shown on the plat." § 837 (532).

It may well be questioned whether any of the requirements of sections 836 and 837 are to be complied with when the commissioner is able to lay out the road without a surveyor. Take this case as an illustration. The road established by the proceedings now under review, runs wholly on section lines and in a due east course; there can be no mistaking the route or line of the road; the mile posts and quarter mile posts and course are already provided by the government, and the plat of the road would be a straight line. The object of the statute manifestly was to provide such monuments or data as to enable future inquirers to ascertain precisely the line or route of the road as established. That object is secured in this case; nothing more was needful.

If, however, these sections should be held to be applicable to every road, whether the commissioner found it necessary to call to his aid a surveyor or not, then the objections made are equally unavailing, since it is clear that those sections are but directory and not material in such a sense as to render the proceedings illegal in case the directions are not followed. This view is strongly fortified by a subsequent section of the Revision (§ 913), by which it is provided, that in case of *defective surveys or record*, and in other cases, such as the loss or destruction of field notes, numerous alterations, etc., the County Court may cause the road to be resurveyed, platted and recorded. In either view, therefore, the proceedings were not illegal·so as to be set aside on certiorari.

III. "The plaintiff asks that the proceedings be annulled as to his land through which the road was never

5. —— cer-
tiorari.   located or opened." Whether or not the
road has been opened through the plaintiff's
land we cannot tell; nor are we authorized to annul the
proceedings except where it is shown that the county
judge has exceeded his proper jurisdiction, or is other-
wise acting illegally (see Rev. § 3487), neither of which
is apparent from this record.

Affirmed.