## WOOLSEY v. THE BOARD OF SUPERVISORS OF HAMILTON COUNTY.

1. **Highway:** ESTABLISHMENT OF COUNTY ROAD. The objection that the principal points are not stated through which a county road, established by the board of supervisors, passes, is not well taken, when it appears that the points of commencement and termination are stated, and the line of the route indicated by intelligible reference to the lines of the congressional subdivisions of the land over which it passes.

2. —— NOTICE. A notice, required by the statute to be posted by the petitioners for the road, which states that application will be made on a certain day for the "*establishment of the road*," instead of pursuing the language of the statute, which directs that the notice shall state the time when an application will be made for "*the appointment of commissioners*," is sufficient.

3. —— PROOF OF NOTICE: PRESUMPTION. That such notices were properly posted may be established by parol evidence; and where in a certiorari proceeding the written proof of notice found in the record does not show that the places where the notices were posted are in the county or townships through which the road passes, it will be presumed that such fact was established by other satisfactory evidence, in the absence of any thing to the contrary.

4. —— The fact that the officer making return of the proceedings of the board of supervisors, to the district court where the certiorari proceeding was instituted, certifies that no other or further proof than that returned was made, will be construed to refer to the written proof found in the record, and will not be deemed sufficient to overcome the presumption that other satisfactory testimony of a parol character was received by the board.

5. ——— FAILURE OF PETITIONERS TO GIVE SECURITY. That the board of supervisors failed to require security to be given by the petitioners for the payment of expenses growing out of the application, will not affect the legality of the establishment of the road.

6. ——— OFFICER : WANT OF POWER TO ADMINISTER OATH OF QUALIFICATION. That the officer who administered the oath to the commissioner, appointed by the board of supervisors to examine and report upon the proposed road, was not empowered to administer oaths, will not defeat the action of the commissioner, nor render the establishment of the road invalid.

7. ——— CONTINUANCE : PRESUMPTION. Nor will the fact that the final action of the board in respect to the establishment of the road was had on a day subsequent to the one before fixed by the board for such action, be sufficient to invalidate the establishment of the road, where there is no showing that the consideration of the case was not properly continued by the board from the day fixed to the day upon which final action was in fact had.

*Appeal from Hamilton District Court.*

THURSDAY, JULY 27.

CERTIORARI to review the proceedings of the board of supervisors of Hamilton county, resulting in the establishment of a road.

Plaintiff, claiming to be affected by and interested in the action of the board, brought this proceeding in the district court, where judgment was rendered sustaining the final order establishing the road ; he now appeals to this court.

*Charles A. Clark* for the appellant.

*J. M. Ellwood* for the appellee.

BECK, J. — The objections to the proceedings of the board of supervisors will be noticed in the order in which they are presented by the argument of plaintiff's counsel, and require but brief consideration.

1. HIGHWAY: establishment of county road.

I. The description of the road, it is first claimed, is insufficient and uncertain, because the principal points through which it passes are not stated. This objection is made to the notice, petition and final order. It is not sustained by the facts. The points of beginning and termination are stated, and the line of the route indicated by intelligible reference to the lines of the congressional subdivisions of the land over which it passes, so that there can be no difficulty in tracing it. There could be no more explicit statement of the "principal points" required to be stated by Revision, section 825, and all other points through which the road passes.

II. The notice, required by the statute to be posted by the petitioners for the road, shows that the application will be made on a certain day for the "establishment of the road," instead of pursuing the language of the statute, which directs that the notice shall state the time when an application will be made for the appointment of a commissioner. Rev., § 825. The language used in the notice as certainly and unmistakably expressed the object of the petitioners in the institution of the proceedings as though the words of the statute had been used. That object was the "establishment of a road." The notice is a substantial compliance with the statute. *McCollister* v. *Shuey*, 24 Iowa, 362.

2. —— notice.

III. The proof of the posting of notices found in the record does not show that the places where the notices were posted are in the county or township through which the road is located. Admitting that this proof is insufficient, it is not made to appear that this was all the proof before the board. It was proper for the fact that the notices were posted, to be proved by parol evidence, and it will be presumed that due proof in that manner was made to the board, if it be not shown by the record. *McCollister* v. *Shuey*, 24 Iowa, 362.

3. —— proof of notice: presumption.

But it is insisted that this presumption is negatived by

the return to the court. The auditor who certifies the return states in his certificate that no other or further proof than that returned by him was made on this subject. But we must presume he refers to written proof found in the record. If he means to refer, in his certificate, to oral proof, his statement cannot be received. It would be very dangerous to permit the certificate of a mere clerk as to what was done or considered by a body of the character of the board of supervisors, to have the effect of overturning their proceedings, and doubly so when the clerk, as in this case, was not an officer of the board at the time of the transactions referred to and stated by him.

IV. No security was given by the petitioners for the payment of the expenses growing out of their application,

5. —— failure of petitioners to give security. as provided by section 826 of the Revision. But this is not an irregularity of which plaintiff can complain. If the board of supervisors failed to comply with the direction of the law in this respect, plaintiff is not prejudiced or his rights in any manner affected; neither does it affect the order of the board finally establishing the road.

V. The oath required by law to be taken by the commissioner was administered by the county auditor, or, as

6. —— officer: want of power to administer oath of qualification. he designated himself, the "county judge." This officer, it is claimed, was not authorized to administer oaths. Let this be admitted (but the point we do not decide), and the fact is not an error or irregularity which will result in setting aside the proceeding. That the person who acted as commissioner was appointed by the board is not denied, neither does it appear that he did not correctly and legally discharge his duties. His acts are not defeated by the alleged want of power of the officer before whom he was qualified to administer oaths. We have never heard of a case where such irregularity in the qualifications of an executive or judicial officer defeated his action.

VI. The final action upon the establishment of the road was had the day following the one fixed by the board for their action. See section 840 of the Revision. This it is contended is erroneous. It cannot be deemed that, for proper reasons, the board could have continued the consideration of the case from the day fixed to the next day or some succeeding day. The record is silent as to any such adjournment. But the presumption, which we are required to exercise in favor of the regularity of the action of that body, in the absence of a showing to the contrary, requires us to presume that, for good and sufficient cause, the final action upon the case was, by resolution of the board, postponed to the day upon which it was had.

*7. —— continu-ance: presumption.*

The foregoing consideration of the objections made by plaintiff leads us to the conclusion that the judgment of the district court must be

Affirmed.