CARR v. FAYETTE COUNTY.

**Highway:** ESTABLISHMENT OF ROAD: POSTING OF NOTICES. While the posting of notices of the application for the establishment of a county road in *public places* for the length of time required by the statute, is a jurisdictional fact, without which the proceeding would be void, yet it is not necessary that proof of such posting should be in writing and entered of record. It was accordingly *held,* where the affidavit of the person who posted the notices failed to state that the places where he posted them were *public places,* that it would be presumed, in the absence of any thing appearing to the contrary, that proof of such fact was otherwise made before the board of supervisors.

*Appeal from Fayette District Court.*

FRIDAY, DECEMBER 12.

THIS is a proceeding by certiorari to the board of supervisors alleging that they are acting illegally in the establishment of a county road in the county of Fayette, and asking that the order establishing the road be set aside, etc. After answer to the writ was made, the court on a hearing adjudged that the order establishing the road be vacated and set aside. Defendant appeals.

*Rickel & Fuller* for the appellant.

*L. L. Ainsworth* for the appellee.

MILLER, J. — The illegality complained of in plaintiff's application for the writ of certiorari is the alleged insufficiency of the notice of the application to the board of supervisors for the establishment of the road in question.

The record certified up shows the following :

"ROAD NOTICE.

"There will be a petition presented to the board of supervisors of Fayette county, on the first Monday, being 2d day of. September, A. D. 1872, asking for the appointment of a

commissioner to view and report upon the expediency of laying out a county road commencing at (same description as in petition subsequently filed) of which all persons interested will take notice and govern themselves accordingly.

"DANIEL CAHALAN, *applicant*."

" Dated this 22d day of July, A. D. 1872."

On this notice is the following affidavit :

" STATE OF IOWA, FAYETTE COUNTY, *ss.* :

" I, Daniel Cahalan, being duly sworn, do depose and say, that on the 23d day of July, 1872, I posted notices, of which the within is a true copy, on the court-house door in West Union, and on the 24th day of July, I posted two notices, and on the 3d day of August, I posted one more, all in the vicinity of the proposed road in Clermont township.

"DANIEL CAHALAN.

" Subscribed and sworn to, etc., on the 8th of August, 1872."

There is no complaint that the notice does not sufficiently describe the route of the proposed road, but it is insisted by the plaintiff that because the above affidavit of Cahalan, as to the posting of the notices, fails to state that the places where he posted the three notices "in the vicinity of the proposed road " were " public places," therefore the board of supervisors acquired no jurisdiction to order the establishment of the road and such order is invalid.

In *McCollister* v. *Shuey et al.*, 24 Iowa, 362, it was held that the posting of the notices mentioned in sections 824 and 825 of the Revision, in three public places in the township through which the road is to pass and in the neighborhood of the proposed road, for the required length of time, is · a jurisdictional fact, without which the proceedings would be void. But it was further held that the statute does not require the proof of such posting to be in writing or preserved in the

record, and although the affidavit of the person who posted the notices fails to state the *time* when it was done, it will be presumed, in the absence of any showing to the contrary, that proof was otherwise made that the notices were posted for the required length of time.

On precisely the same principle, when the affidavit fails to state that the places where the notices were posted were *public* places, we will, in the absence of a showing to the contrary, presume that other proof of the public character of the places where the notices were posted, was duly made.

In *Woolsey* v. *The Board of Supervisors of Hamilton County*, 32 Iowa, 130, the affidavit of the person who posted the notices failed to show that the places where the notices were posted were in the county or township through which the road was located. And it was held that, admitting this proof to be insufficient, it was proper for the necessary proof to be supplied by parol, and that it will be presumed that due proof in that manner was made to the board, if it be not shown by the record.

There is nothing in the case before us to show that other proof than that contained in the affidavit of the public character of the places where the notices were posted, was not made to the satisfaction of the board of supervisors. Following the cases above cited, we will presume that such proof was made.

The judgment of the district court must be

Reversed.