## THE STATE v. KINNEY.

1. **Highway**: JURISDICTION: IRREGULARITY, Where the time fixed for the final hearing, in a proceeding to change a public road, was less than sixty days from the report of the commissioner, while the petition, notice, and other steps were regular and in compliance with the statute: *Held*, that the irregularity did not render the proceedings void, nor vulnerable to a collateral attack.

2. ———: EFFECT OF CONDITION. The fact that the final order, establishing the change, was made upon the condition that the new road should be made as good as the old, would only operate to suspend the taking effect of the order until the condition should be performed.

*Appeal from Page District Court.*

WEDNESDAY, SEPTEMBER, 23.

THE defendant was indicted for willfully obstructing a public highway, and upon a trial, on a plea of not guilty, he was

convicted. He appeals. The facts are sufficiently stated in the opinion.

*W. W. Morsman,* for appellant.

*M. E. Cutts, Attorney General,* for the State.

COLE, J.—Upon the trial, the prosecution introduced evidence tending to prove that the defendant had built a fence across the *old* road leading through his farm, and had thereby obstructed and prevented travel upon it, and that before the obstruction it was a public highway, and had been traveled as such for fifteen years, and rested.

The defendant then offered to read in evidence to the jury the papers, and the record of the proceedings before the Auditor and Board of Supervisors, in an application for a change in, or vacation of the old road at the point in controversy. The prosecuting attorney objected, because the record only showed a proposal to change the road *on condition,* and because the record shows upon its face that the time set for final hearing was less than sixty days from the coming in of the report; and the court sustained the objection, and excluded the evidence.

The papers and record show the presentation of a petition for the change or vacation of the old road, the appointment of a commissioner to view and report, the proof of posting notices, etc., of the application, and all proceedings regular in every respect, except it appears therefrom that the report of the commissioner was made June 6, 1872, and that July 25, 1872, was set for final hearing, and at which time the change was made by the Auditor. It also appears therefrom that the Board of Supervisors on September 3, 1872, affirmed the order by the Auditor vacating or changing the old road, " on condition that the new road, as changed, is put in as good condition as the old road, by the petitioner."

We hold that the presentation of the petition for the change of the road, the appointment of a commissioner, and the post-

1. HIGHWAY: jurisdiction: irregularity. ing of the notices as required by law, gave to the Auditor and board jurisdiction to order the change,

and that the failure to fix the day for final hearing, sixty days from the coming in of the report, is simply an irregularity which does not avoid the proceedings, or render them vulnerable to a collateral attack. Nor does the fact that the final order by the board establishing the change, was upon condition that the new road should be put in as good condition as

2. ——: effect the old road, by the petitioner, operate to nullify the of condition. order or change. It would not take effect until the condition was performed. The record should, therefore, have been admitted, and the defendant permitted to prove, if indeed he had not already done so, that the condition was complied with, before he placed his fence across the old road. Certainly these facts would negative all *willfulness*.

REVERSED.