## THE STATE v. ANDERSON.

1. **Highway:** APPLICATION TO ESTABLISH: NOTICE. Notice must be given of the pendency of an application for the establishment of a road, to confer jurisdiction upon the Board of Supervisors, and unless it appear to have been given, jurisdiction will not be presumed. (*The State v. Berry*, 12 Iowa, 58.)

2. **Practice:** INSTRUCTION. When the court was asked to instruct the jury that the record failed to prove a legally established road, it was error to instruct them that no question had been raised as to the regularity of the proceedings to establish it. The objection might have been made otherwise and with the same effect upon the introduction of the record.

*Appeal from Davis District Court.*

THURSDAY, SEPTEMBER 24.

THE defendant was indicted and convicted of obstructing a highway and now appeals to this court. The facts of the case are set out in the opinion.

*Trimble & Carruthers,* for appellant.

*M. E. Cutts, Attorney General; M. H. Jones, District Attorney; Traverse & Eichelberger,* for the State.

BECK, J.—In order to prove the existence of the highway, which defendant is charged with obstructing, the record of the Board of Supervisors pertaining thereto was introduced in evidence. It does not appear from this evidence that any notice whatever was given of the pendency of the application for the road, nor is it shown that the supervisors found such notice had been given, that any evidence on the subject was furnished them, or that they passed upon the question whether there had been notice, as required by law. Neither was there any proof made to the District Court of the service of such notice.

I.  The defendant asked the court to instruct the jury that this record failed to prove a legally established road. The instruction was refused; it ought to have been given.

The notice required by law was necessary to confer upon 1. HIGHWAY: the supervisors jurisdiction, and, unless it application to establish: notice. appeared to have been given, jurisdiction will not be presumed. *The State v. Berry*, 12 Iowa, 58.

Jurisdiction will be presumed if it be shown from the record that the court establishing the road decided that sufficient notice had been given. *McCollister v. Shuey et al.*, 24 Iowa, 362. And if the record shows that notices were posted, it will be presumed that parol proof was introduced to show they were put up in the manner required by law. *Woolsey v. Supervisors of Hamilton Co.*, 32 Iowa, 130. Extrinsic proof

is admissible, upon the introduction of the record, to show notice; upon such proof the court will infer that the notices were given but had been lost from the files. *Keyes & Crawford v. Tait*, 19 Iowa, 123.

The case before us is not within the rules of any of these decisions which are cited and relied upon by counsel for the State. The record not only fails to show notice but also fails to show that the supervisors passed upon the question of notices, and no extrinsic proof was introduced to establish compliance with the law in this respect.

The record was not sufficient to establish a lawful road; the instruction referred to was erroneously refused.

II. The court directed the jury that defendant raised no question as to the regularity of the proceedings to establish 2. PRACTICE: the road. This instruction was given after defend-
instruction. ant had asked the court to give the one above referred to. That defendant did claim the record evidence was insufficient to support the road cannot be doubted. The objections to it are properly raised upon his request for instructions; they could have been made upon the introduction of the record in evidence, but the omission to do so then does not preclude defendant from urging them at the time chosen by him for that purpose. The instruction complained of was erroneous.

Other questions raised by appellant need not be considered, as the judgment on account of the errors mentioned must be reversed.

REVERSED.