OLE LARSON, Appellee, v. MICHAEL FITZGERALD, Appellant.

1. **Highways:** ESTABLISHMENT: IRREGULARITIES: VALIDITY. Section 524 of the Code of 1851 provided that the court, when it appointed a commissioner to view the route of a proposed highway and report upon the expediency of establishing the same, should fix a time for the commencement of such examination. *Held*, that a failure to fix such time did not invalidate subsequent proceedings establishing the highway.

2. ——: ——: DAY FOR HEARING. Section 535 of the Code of 1851 provided, that when the report of the commissioner to view a proposed highway was favorable to the establishment thereof, "the court must appoint a day when the matter will be acted upon, which shall not be less than sixty nor more than ninety days distant." *Held*, that, where the matter was "ordered for final hearing in sixty days," the statute was complied with.

3. ——: ORDER OF ESTABLISHMENT: SUFFICIENCY. Where, on the day for the final hearing of a petition to establish a highway, the following record was made: "No remonstrance appearing against road No. 27, it is ordered for record, to wit," following which are the field notes, *held*, that such order was a judicial establishment of the road.

4. ——: ALTERATION: NOTICE: PAROL EVIDENCE TO AID RECORD. Where the auditor's court found and entered of record, in regard to the proceedings for the alteration of a highway, "that all the requirement of the law was performed," and "that said road No. 27, be changed as prayed," *held*, that the presumption must be entertained that all acts necessary to confer jurisdiction had been done, including the giving of notice as required by statute; and that, where the record fails to show that the notices were posted for a sufficient length of time, that fact may be shown by oral testimony.

5. ——: ABANDONMENT: EVIDENCE. In an action involving the question of the legal existence of a certain highway, it appeared that the east three miles of it had been fenced up for thirty years; that another portion of it was covered by another road; and that the remainder was never worked and used as highways usually are; and that the only public recognition of the highway for many years was upon petitions of persons desiring parts of it for private use. *Held*, that this was sufficient to show an abandonment of the highway by the public.

6. ———: ———: ESTOPPEL. The fact that one has signed a petition to reduce the width of a supposed highway, and a remonstrance against changing it, does not estop him, as against private persons who have not been prejudiced by his conduct, from subsequently denying the existence of the road as a public highway.

*Appeal from Allamakee District Court.*—HON. W. A. HOYT, Judge.

MONDAY, JANUARY 30, 1893.

ACTION to enjoin the obstruction of an alleged public highway. The plaintiff alleges that the defendant owns the east half of the northeast quarter of section 17, and the southwest quarter of the southwest quarter of section 9, township 97, range 3, Allamakee county; that "there is now, and for more than thirty years has been, a regularly laid out and traveled public highway upon, over, and through the lands of the defendant, near the east line on section 9, and near the northeast corner on section 17;" "that since 1852 the public has used openly, adversely, notoriously, and continuously, under color of title and claim of right, with knowledge and acquiescence of the defendant and his grantors, a strip of land near the east line of the defendant's north forty in section 17, and across his forty in section 9, near the south line thereof, and that all of the time the plaintiff, the defendant, and the public have continuously worked and traveled said highway, and that all of the time there has been a well defined and worn wagon road over the defendant's lands; that by reason of work upon and use of said land for thirty-five years the public has acquired a right to said highway by prescription; that said land has been dedicated to the public and the defendant has recognized the same by asking to have the width reduced, and is now estopped from denying the existence of said road;" that on June 20, 1889, the defendant obstructed said road, so as to close the same to

travel, and refuses to remove said obstructions; that said road is the plaintiff's only way of access to cultivated lands owned by him. Wherefore he asks that the defendant be enjoined from maintaining said obstructions. The defendant answered, admitting ownership of the land as alleged, and denying all other allegations. Decree was entered granting an injunction as prayed, and the defendant appeals.—*Reversed.*

*Stilwell & Stewart*, for appellant.

*J. H. Trewin*, for appellee.

GIVEN, J.—I. A disagreement as to the correctness of the abstract and amendments has caused us to

1. HIGHWAYS: establishment: irregularities: validity.

expend considerable time and labor in examining the transcript of over two hundred and fifty pages. The discrepancies between the abstracts and transcript are not of sufficient importance to justify the disagreement that imposed this extra labor.

There is no question but that the defendant did obstruct travel at the place claimed, and that the plaintiff has such an interest as entitles him to prosecute this action. The contention is, whether a public highway exists at the place in question, either by reason of having been lawfully established or by dedication or prescription. The record upon which it is claimed a road was established shows as follows: On August 4, 1852, the petition of Ole Larson was presented for the establishment of road No. 27. "Court satisfied that the legal prerequisites had been complied with, commission was issued to Ole Oleson Stola to view and report at September term." At September term the time was extended "to first day of next October term." "October 4, report of Ole Oleson Stola, commissioner, presented, with the accompanying field notes. Ordered for final action in sixty days." "Sixty days having expired,

and no remonstrance appearing against road No. 27, it was ordered for record, to wit," following which are the field notes.

This proceeding was had under the Code of 1851, which, after providing for the appointment of a commissioner to examine into the expediency of the proposed road, provides as follows: "Section 524. The time for the commencement of such examination shall be fixed by the court, and, should the commissioner for any cause fail to commence on the day, the court may fix another for that purpose." No time was fixed for the commencement of the examination. Under section 527, if the commissioner did not report in favor of the proposed road, "no further proceedings shall be had thereon." The evident purpose of requiring the time to be fixed was that parties interested might be heard, but as, in cases where the report was favorable to the location, parties had a right to be heard before the county court, we do not think such an omission would render the proceedings illegal.

II. Section 535 required, when the report was in favor of the proposed road, that "the court must 2. —: —: day appoint a day when the matter will be *for hearing.* acted upon, which shall not be less than sixty nor more than ninety days distant." The appellant contends that no day was fixed, and that parties interested were again deprived of the opportunity to be heard. The matter was "ordered for final action in sixty days;" not within sixty days, as is argued, but in sixty days. We think any person interested would understand from this language the precise day on which the matter would be acted upon. In *State v. Kinney*, 39 Iowa, 226, it is held "that the failure to fix the day for final hearing sixty days from the coming in of the report is simply an irregularity, which does not avoid the proceedings, or render them vulnerable to a collateral attack." The same may be said of the fail-

ure to fix a time at which the commissioner should commence his examination.

III. The appellant insists that there was no order establishing road number 27. The order was "No

3. ——: order of establishment: sufficiency. remonstrance appearing against road number 27, it is ordered for record, to wit," following which are the notes of the survey at length, showing the points of beginning and termination, and the directions and distances of the line throughout. If the road had been rejected, that was all that was necessary to state upon the record as to the final action, but, being established, it was necessary to record it as it was. The order to record surely can not be construed otherwise than as establishing the road. We think this record shows that road number 27 was legally established in 1852 for a distance of over seven miles, and crossing the northeast corner of defendant's northeast quarter of northeast quarter, section 17, and his southwest quarter of southwest quarter, section 9.

IV. Proceedings were afterwards had with respect to said road 27 as follows: At a time, of which no date is given, Ole Oleson Stola petitioned for a commission to view a portion of road number 27 in sections 8 and 5. A commission was issued, and subsequently, "no remonstrance being filed, it was ordered to be established." This record is indefinite throughout. It does not show what was asked, nor a compliance with the law in several respects. As it does not relate to the part of the road in question, it need not be further noticed.

May 30, 1870, Thomas Roach and others petitioned to change road 27, commencing at a point where said

4. ——: alteration: notice: parol evidence to aid record. road crosses the line between said sections 16 and 17; thence north 45, east four and twenty-four hundredths chains; thence east seventeen chains along the south side of the line between sections 9 and 16, to where said road crosses

said line, between sections 9 and 16; road to be thirty-three feet wide. Final action was had August 29, 1870, and ordered "that said road number 27 be changed as prayed." The evidence that notices of this petition were posted as required was the affidavit of John Ryan that he posted one on the courthouse April 12, 1870, and the affidavit of Thomas Roach that on or before a day not named he posted three of the notices. Mr. Roach testified on the trial that the notices were up four or five weeks. The appellant objected to this evidence, and contends that giving notice as required was jurisdictional, and that this record fails to show jurisdiction. The record shows that the auditor's court found "that all the requirement of the law was performed," and thereupon appointed a commissioner. This court has repeatedly held that notice as required was necessary to confer jurisdiction. *State v. Anderson*, 39 Iowa, 274; *State v. Berry*, 12 Iowa, 58. It is also held that jurisdiction will be presumed if it be shown by the record that the court establishing the road decided that sufficient notice had been given. *McCollister v. Shuey*, 24 Iowa, 362. In this case the auditor's court decided that "all the requirement of the law had been performed," which included giving the notices. The affidavit, being blank as to date, does not show that the court decided without evidence, as it was not restricted to the affidavit; "and if the record shows that notices were posted it will be presumed that parol proof was introduced to show that they were put up in the manner required by law." *State v. Anderson, supra; Woolsey v. Supervisors of Hamilton County*, 32 Iowa, 130. "Extrinsic proof is admissible upon the introduction of the record to show notice." *State v. Anderson, supra; Keyes v. Tait*, 19 Iowa, 123. In *State v. Waterman*, 79 Iowa, 361, the notice was insufficient, and it was held that evidence that it was posted

was therefore immaterial. We conclude that the change of the road as ordered in 1870 was legal.

In 1873 proceedings were had whereby a part of road number 27 in section 13 was vacated. In 1874 proceedings were had whereby the width of road number 27 was reduced between certain points, including the relocation made in 1870. In 1860 proceedings were had whereby road number 229 was established from the point where the Capoli and Winfield road crosses the line between sections 8 and 17, near the east end of said line, thence west along said line near to the west end thereof, and thence northwest to the Capoli and Wilson Ford road. The appellant says in argument that this is on the south line as claimed for road 27. Having no plat before us showing the entire length of road 27 with reference to section lines, we have difficulty in understanding the several partial plats found in the record. Road 229, being west of the east line of sections 8 and 17, does not touch upon the locality in question, but it does cover the same ground as road 27 on the line between sections 8 and 17. We think these records show that road number 27 was legally established in 1852, and legally changed in 1870 as to part thereof.

V. The appellant discusses at length and with much care the correctness of surveys made to determine the location of road 27. The relocation made in 1870 commenced in the original survey, at or near where it crossed the line between sections 17 and 18, thence northeasterly to the line between sections 9 and 18, and thence east. It was at this last-named point that the defendant placed the obstructions. Whatever question there may be as to the location of other parts of the road, we are in no doubt but that the obstructions were on the road as relocated in 1870.

VI. The conclusions we have reached render it unnecessary that we consider the questions of dedica-

tion or prescription. The road having been legally established, the defendant has no right to obstruct it, unless it ceased to be a public highway by abandonment or otherwise. The evidence as to the necessity and use of this road, and the action of parties interested with reference to it, is quite voluminous, and it is not required that we here consider it in detail. It shows that the east three miles of road 27 have been fenced up for some thirty years, the public claiming no right therein. That the greater part of its length west of the east line of sections 8 and 17 is covered by road 229, and the part east thereof to the three-mile post has never been worked or used by the public as highways usually are. With the east three miles abandoned as it was, the road makes no connection east with any other road. The only persons that use the road east of the east line of sections 8 and 17 are the plaintiff, the defendant, Louis Larson, and Thomas Roach, and they only to reach lands other than those upon which they reside. Nearly if not all the repairs ever made upon that part of the road were by these individuals, and for their private benefit. The only recognition of this road by the public since 1852 was the action taken in 1870, 1873, and 1874, which was upon petitions of persons desiring parts of the road for private use. There is no question but that the public may lose its right to all or part of a legally established highway by nonuse. It will not be denied that the public has lost its right in the east three miles of this road by permitting it to be fenced up for thirty years. That fact, and the location of road 229, for which this plaintiff was commissioner, and the fact that the public has not and does not require what remains for its use, and has not worked it as highways are usually worked, satisfies us that it has long since been abandoned. What was done by the auditor's court was at the instance of the

*5. ——: abandonment: evidence.*

persons whose private interests alone were to be served, and should not be held to bind the public to maintain the road contrary to its interests and desires. If the east end was open for use, we might reach a different conclusion, but under the facts as they are we are of the opinion that the public must be held to have abandoned road number 27 as a public highway. We come to this conclusion more readily because the parties are not without remedy if another public highway is really needed in that locality.

VII. The plaintiff insists that the defendant is estopped from denying the existence of a public highway at the point in question from the fact that he has recognized it as such, and signed a petition to reduce its width, and a remonstrance against changing it. As already stated, the action of the auditor's court was at the instance of these persons in their own private interests, and the public should not be precluded thereby from abandoning a highway for which it had no use. Whatever may be said of the defendant's acts as between him and the public, they constitute no estoppel as to the plaintiff, for the reason that it does not appear that his situation was changed in the least in consequence thereof.

6. ——: ——: estoppel.

Our conclusion upon the whole record is that the judgment of the district court must be REVERSED.