R. C. HARRIS, Appellee, v. BOARD OF SUPERVISORS OF MAHASKA COUNTY, Appellant.

1. **Highways**: ESTABLISHMENT AND VACATION: PETITION: JURISDICTION.   A petition to the board of supervisors, praying for the establishment of a highway along a definitely described line, and for the vacation of an old highway also definitely described, "or that the said old road be vacated only, and no change made or new road established," is not defective on the ground that it does not ask for the establishment of a highway, nor on the ground that it does not ask for the vacation of a highway, nor on the ground that it asks for both the establishment and the vacation of a highway, nor on the ground that it is too indefinite; and such petition is sufficient to give the board jurisdiction to establish the new road, and vacate the old one, as prayed.

2. ——: ——: ONE PETITION FOR.   While the statute does not in terms provide for, nor forbid, asking the establishment and the vacation of a highway in the same petition, there is no valid objection to such practice in cases where the highway to be established is to be used in lieu of the one to be vacated.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

THURSDAY, MAY 18, 1893.

CERTIORARI proceeding to set aside the action of the defendant in vacating a portion of one highway and in establishing another. The district court granted the relief demanded. The defendant appeals.—*Reversed.*

*W. G. Jones* and *John F. & Wm. R. Lacey,* for appellant.

*Bolton & McCoy,* for appellee.

ROBINSON, C. J.—In April, 1889, a petition was filed in the office of the auditor of Mahaska county, a copy of which is as follows:

"PETITION FOR CHANGE OF ROAD.

"*To the Auditor of Mahaska County, Iowa:*

"The undersigned, citizens of said county, respectfully petition for a change in the road as follows: Beginning at a point 9.20 chains south and 30 links east of the stone at the southwest corner of the northwest quarter of northwest quarter, section 10, township 75 north, range 16 west; thence north 8.90 chains; thence east 16.41 chains, intersecting with old road; and that the old road beginning at the point first above mentioned, and running north, 61 degrees and 30 minutes east, 18.67 chains, be vacated and abandoned, or that the said old road be vacated only, and no change made or new road established; and that a commissioner be appointed to view the proposed change of road, pursuant to the statute in such case made and provided.

"Filed in auditor's office, April 15, 1891.

"A. B. and J. F. PRINE."

The petition was accompanied by a bond, which was approved by the auditor, and filed in his office, and a commissioner was appointed to examine and report upon the changes asked. He examined the premises, and recommended that the changes be made as asked. Notice of the recommendation of the commissioner, and of the time within which objections and claims for damages should be filed, was thereupon duly

served and published as required by law. On the day before that fixed in the notice for filing objections, a remonstrance, signed by plaintiff and many others, was filed. On the final hearing, after receiving the testimony of witnesses, the defendant board, on the nineteenth day of November, 1889, made the following order :

"Road case, 617. A. B. & J. F. Prine, petitioners, having been taken under advisement by the board, and after a careful examination of all the evidence and all the papers in said case, the board grant the prayer of the petitioners to vacate old highway and establish the new highway, as prayed for; conditioned that the petitioners open up and put new highway in as good condition for travel as the old highway, when needed, and pay all costs within sixty days from date hereof."

On the thirtieth day of November the remonstrants filed with the auditor a petition for rehearing. The board refused to hear it, on the ground that there was no authority for doing so. On the thirty-first day of July, 1891, in vacation, judgment was entered by the district court annulling the proceedings establishing the highway, on the ground that the board had no jurisdiction to establish it. The next term of court was held in October, and was adjourned on the second day of November. At the December term, the court made an entry in the judgment record, which recited the judgment entered in vacation; that it had not been signed; and that it failed to state the actual adjudication; and, for the purpose of conforming the judgment to the actual determination of the court, ordering and adjudging that the board had no jurisdiction to establish or vacate the road described in the petition, and annulling its proceedings in establishing and vacating it. The defendant appealed in November, 1891, from the judgment as first entered, and in December, 1891, it appealed from it as amended.

I.   The appellee contends that the petition upon which the board of supervisors acted was insufficient to

**1. HIGHWAYS:** establishment and vacation: petition: jurisdiction.

give it jurisdiction to act, for reasons which are, in substance, as follows: That the petition was defective in not asking for the establishment of a highway; that it was deficient in not asking for the vacation of a highway; and, if these objections are not well founded, that the petition was defective in asking for both the establishment and vacation of a highway. It is also insisted that the petition was indefinite and uncertain.

"The board of supervisors has the general supervision over the highways in the county, with power to establish and change them" in the manner provided by law. Code, section 920. "Any person desiring the establishment, vacation, or alteration of a highway shall file, in the auditor's office of the proper county, a petition in substance as follows: "To the Board of Supervisors of———— county: The undersigned asks that a highway, commencing at ————, and running thence ————, and terminating at ————, be established, vacated, or altered' (as the case may be)." *Id.*, section 922.

It is not necessary that the form given in the statute be strictly followed. The petition is sufficient if it follows the statutory form in substance, "expressing with reasonable certainty the action desired." A petition which asks "the appointment of a commissioner to open a road" has been held to be sufficient, as in substantial compliance with the statute. *McCollister v. Shuey*, 24 Iowa, 363. The doctrine of that case was approved in *State v. Pitman*, 38 Iowa, 252, and *Stevens v. Board of Supervisors*, 41 Iowa, 343. See, also, *Woolsey v. Board of Supervisors*, 32 Iowa, 132.

The case of *Curtis v. Pocahontas Co.*, 72 Iowa, 152, relied upon by appellee, is not in conflict with the conclusion we reach. That case involved the right of the

plaintiff to recover damages alleged to have been caused by the establishment of a highway. The petition for the highway asked that "the highway * * * be opened for travel, as required by law." In the circuit court the defendant pleaded that the road in question was located in 1871. The court held that the petition for the highway did not ask that a highway be established; therefore, that the board lacked jurisdiction to establish one. It is evident that the language of the petition under consideration is not the best which could have been chosen to express the wishes of the petitioners. But, construing all parts of the petition together, it appears with reasonable certainty that the petitioners asked that a new highway be established, and that a portion of an old one be vacated, both of which were described; or that the portion of the old one be vacated without the establishment of a new one. There is nothing in the record to suggest that the relief demanded was not understood by any one, and no objection to the petition was made, so far as the record shows, until the petition for rehearing was filed. We are satisfied that the petition was understood by all persons in interest as asking for the vacation of a part of an existing highway and the establishment of a new one to supply the place and purpose of the part vacated, or, if that was not done, that the vacation be ordered without the establishment of a new highway. The fact that alternative relief was asked did not affect the right of the auditor and board of supervisors to act.

II. It is said that the vacation of one highway and the establishment of another can not be asked in the same petition. We know of no valid objection to such a practice in cases like this, where the highway to be established is to be used in lieu of the one to be vacated. It is not provided for in terms by the statute, nor is it forbidden. It is not only a common practice, however, but may be neces-

2. ——: ——: one petition for.

sary in many cases to enable the board of supervisors
to act intelligently in vacating and establishing high-
ways.  It is manifest that cases may be numerous
arising from the improvement of the country, changes.
in its population, and other causes, where a highway
which answered all public demands when located should
be changed, but where, in order to make the change, a
new highway must be provided to take the place of the
old one, or the part thereof vacated; and that can be
done best in a single proceeding.  So far as we are able
to judge, this case may furnish an example of that
kind.  The change made by the board vacated a por-
tion of a highway which extended diagonally across a.
corner of a government subdivision of land for a distance
of about eighty rods, and established in lieu thereof a
highway on boundary lines of that subdivision.  Whether
the change was wisely made is a question not before us
for determination.  The board had jurisdiction of the
parties in interest, and power to make the change
which it ordered.  The expediency of its action can
not be questioned in this proceeding.  *Tiedt v. Car-*
*stensen,* 61 Iowa, 334.  The fact that the order in ques-
tion was made on condition that the petitioners should
open and put the new highway in as good condition for
travel as the old one, did not render the order illegal.
*State v. Kinney,* 39 Iowa, 226.

III.  The first six grounds of the petition for a
rehearing are in the nature of objections to the petition
for the relief which the board granted, and are insuffi-
cient, for the reasons stated.  Moreover, had they been
valid, they should have been filed before the final hearing.
The seventh and eighth grounds of the petition for
rehearing are not sustained by the record, and are not
pressed in argument.  Whether the board gave a valid
reason for refusing a rehearing we need not inquire,
since its action in that respect was not prejudicial.

IV.   The power of the district court to amend its judgment record after a full term of court had been held is questioned, but, in view of the conclusions announced, need not be determined.

For the reasons shown, the judgment of the district court is REVERSED.