The State v. Prine.

THE STATE v. PRINE.

25  231
88  696

1. Highway; ESTABLISHMENT OF: PROOF OF NOTICE. Under sections 824, 828, of the Code of 1851, evidence of the posting of notices of the presentation of a petition for the establishment of a road was not required to be in writing; and where the record shows that the

County Court, upon presentation of the petition, found that there had been proper notice given, it is sufficient, though no proof of service is found in the papers.

2. —— DISCREPANCIES IN DESCRIPTION. Discrepancies in the description of distances between certain points on the line of a road, which are, evidently, the result of a clerical mistake, and which may be corrected by reference to other parts of the record, will not render the location of the road void for uncertainty.

3. —— EVIDENCE. Whether the records and papers, which are offered in evidence to show a legal establishment of a road, are sufficient for that purpose, is a question of law for the court, and not of fact for the jury.

4. —— IDENTIFICATION OF PLAT. Although the plat of a road is not referred to or identified in the report of the commissioner, yet it is sufficient if it is referred to in the records of the County Courts' adjudication confirming the establishment of the road.

5. —— COMPLIANCE WITH CONDITIONS. Where it appears that a road was established upon condition that the petitioners should pay, within a certain time, the amount of damages awarded to a land owner, and the record shows that it was paid, but fails to show the date of payment, it will be presumed to have been made within the time prescribed in the order of establishment.

*Appeal from Mahaska District Court.*

WEDNESDAY, JULY 1.

DEFENDANT was indicted and convicted for obstructing a public road, and from the judgment of the District Court thereon appeals to this court.

*Seevers & Cutts* for the appellant.

*H. O'Connor*, Attorney-General, and *Lacy & Shepherd* for the State.

BECK, J.—In order to establish the existence of the road, the State introduced the records of the County

1. HIGHWAY: establishment of: proof of notice.

Court in a proceeding had in 1854 to lay out the road in question under the statutes then in force. Timely objection was made to the

introduction of these records in evidence upon grounds that will be hereafter stated. The question of their sufficiency was also raised upon instructions to the jury.

I. The first objection made to the records is, that there was no proof of the service of the notices of the presentation of the petition. But the County Court, upon presentation of the petition, found that there had been proper notice given, and the finding of that fact was made of record. This is entirely sufficient to show that the court acquired jurisdiction by proper notice. Under the statute then in force, evidence of the posting of the notices was not required to be in writing or to be entered of record. It provided that the court, upon being satisfied that the notice had been given as directed by law, and other prerequisites complied with, should proceed to appoint a commissioner, etc. Code 1851, §§ 519, 523; *Keys & Crawford* v. *Tait*, 19 Iowa, 123.

II. It is objected that the record shows the location of the road to be indefinite and uncertain. The petition
2. —— discrep-
ancies in de-
scription.
asks that a road be established, commencing at a certain point, thence upon a given line "to the quarter section post on the south side of section 3," etc., "thence north *one* ¼ of a mile, and thence west," etc. The bond, commission to the viewer and his report, describe the route, the commencement and termination of the road in the language of the petition, except for "quarter section post," the character and word "¼ post" are used, and for the words "one ¼ of a mile," the expression "¼ mile" occurs. The plat of the road, required by law to be returned with his report by the commissioner, appears in the record, properly showing the route of the road according to these descriptions. The record entry, in the road book, of the filing of the petition, describes the road as in the petition, except for "quarter section post," the abbreviation "qr. post" is used, and for "*one*

$\frac{1}{4}$ *of a mile*," the words and characters "*one & $\frac{1}{4}$ mile*" appear. Application was made by a certain party for damages, which were allowed him upon proper preceedings. In these proceedings the description of the road is not fully set out, but is indicated by the points of commencement and termination. The road was finally " established and confirmed" by the County Court, and an order entered that " the said plat be recorded as a public road."

The defendant's counsel insist that the discrepancies in the description of the road, as they appear in the different records, set out above, render them, taken together, void for uncertainty. The different phrases or expressions used to indicate the *quarter section post*, and the distance of *one-fourth of a mile*, are all quite intelligible, with no uncertainty of meaning, and doubtless may often be found in the description of boundaries and distances as applied to lands subdivided by the government surveys. The words "*one & $\frac{1}{4}$ mile*," used in the record of the filing of the petition, is evidently a clerical mistake. It can, however, be readily seen and corrected by reference to the other papers of the record, and cannot, therefore, operate to avoid the whole record.

III. The court instructed the jury, that, " The records and papers which have been offered in evidence are sufficient proof of the establishment of a public highway in accordance with the plat therein set forth." This instruction is assigned for error.

3. ——
evidence.

It was the province of the court to determine the sufficiency of the records to sustain the road, and, as we have seen, it was sufficient for that purpose. The instruction was therefore properly given. The counsel of defendant contend that the sufficiency and effect of the records to establish the road in question were for the jury, and the instruction is therefore erroneous. It is hardly necessary

to remark that the sufficiency and effect of such records, like deeds, are for the determination of the court alone.

IV. It is urged, that the plat is not referred to or **4. —— identification of plat.** identified by the report of the commissioners. But it is referred to by the court in the adjudication confirming the road, and that is sufficient.

V. Lastly it is claimed, that it does not appear that the condition upon which the road was established was com- **5. —— compliance of conditions.** plied with. The only condition was the payment of a certain amount as damages to a land holder over whose land the road was laid out. The record shows that the sum awarded as damages was paid, and, though the date of payment is not given, it will be presumed to have been made within the time prescribed in the order of the court.

No other grounds of error are assigned and argued than those above noticed, which we find untenable. The judgment of the District Court is

Affirmed.