Cole, Ch. J.
The defendant was indicted for obstructing a public highway. The evidence tended to show the use of the highway in controversy by the public, and the acquiescence therein by the owners of the land for more than ten years prior to the alleged obstruction; also, that the same had been surveyed and laid out as a public highway, forty feet in width, by order of the board of county commissioners in 1848 — said survey and order showing the road to be for eight miles on the half-mile line through certain named sections, including the place obstructed; and it further tended to show that the road at that place was not on the half-mile line, but was, by mistake in surveying, a few feet therefrom and on the land owned by the defendant; there was also some evidence tending to show *251 that the defendant set his fence into the road, which was the obstruction complained of, for the purpose of planting a hedge upon the line of the road.
The defendant asked eight instructions, which were refused, and the court gave the following: “ There being no dispute as to the fact that said road was used and worked by the public as a public highway, by the knowledge and consent of the owners of the soil upon which the same is laid, for more than ten years prior to the re-survey made by the defendant, and ten years prior to the time he moved out his fence, which is the obstruction complained of, the court instructs the jury that the law of the case is with the State, and it will be your duty to find the defendant guilty.”
This instruction was erroneous, for that it ignored the question of fact as to whether the defendant had set his fence upon the road a certain number of feet, for the purpose and with a desire to plant a hedge upon the line of it, as to which there was some evidence given to the jury, the right to so build or set his fence being given by the statute. See Bev. § 9Ó6, Laws of 1862, ch. 51, p. 55. One of the instructions asked by the defendant and refused, related to this point. But further than this the instruction assumes that if the road was used and worked by the public with the knowledge and consent of the owners for more than ten years, then it was a highway by prescription, and the defendant was guilty. The case of Onstott v. Murray, 22 Iowa, 457 (i. e. 469), holds that such use constitutes a highway by prescription, only in the absence of “proof that the road was so used by leave, favor or mistake.” There was testimony in this case tending to show that the claim of the public, as well as the consent of the owners, related to the half-mile line through the section, and that by their mutual mistake the line as used and traversed had heen slightly variant therefrom, and that the obstruction made by defendant was simply an - attempt to correct that mis *252 take. The testimony tending to show this was withdrawn from the jury, and the instructions asked thereon were refused.
Reversed.