The State v. Welpton.

THE STATE v. WELPTON et al.

1. **Highway:** ADVERSE POSSESSION: DEDICATION. While the public may acquire the right to a highway by virtue of adverse possession and use, under claim of right, for the statutory period, the same as an individual, the possession or use must, nevertheless, correspond and be commensurate with the claim of right.

2. —— Where a highway is established upon a certain line, the law will not presume a grant or prescription of land outside of such line because of the public use thereof, growing out of a slight and mistaken variance between such use and the true line.

*Appeal from Lee District Court.*

FRIDAY, MARCH 29.

THE defendants were indicted and convicted for obstruct-
ing a highway, and appeal to this court.

*McCrary, Miller & McCrary* for the appellants.

*John Van Valkenburg* and *Withrow & Wright*, with
*H. O'Connor*, attorney-general, for the State.

BECK, Ch. J. — The evidence upon which the defendants
were convicted is substantially as follows:    The public
began to use the road, for the obstruction of which defend-
ants were indicted, about twenty-five years prior to the
trial.    In 1850, the proper county authority established
the road upon the middle line of the quarter section, upon
one side of which defendants' land is situated.    Prior to
this the owners of the land erected their fences upon each
side, leaving proper breadth of way.    It was understood
and believed that the road was used, and subsequently laid
out upon the line prescribed in the order establishing it.
It was discovered, upon an accurate survey recently made,
that, as used, it was thirty feet from the true line, and upon
defendants' land; that is, the center of the road was that
distance from the line of the quarter section.    The defend-
ants thereupon moved their fence out thirty feet to corre-
spond with the survey, leaving a way of thirty feet only,
instead of sixty feet, the breadth of the established road.

1. It was held by this court in *Keys & Crawford* v. *Tait*,
19 Iowa, 125, that ten years' use of a way by the public,
under a claim of right, will, under our statute of limita-
tion, bar the right of the land owner.    This rule is based
upon the principles applicable to cases where the statute of

VOL. XXXIV. — 19

limitation is set up as a defense to an action to recover .
land. The public has the same protection as one holding
the possession of lands adversely, under claim of right.
In that case the owner of the soil is barred of his action
by the statute.

The same rules applicable to the case of contesting
claimants of land, where the statute of limitation is pleaded,
must be applied to this case under the rule of *Keys &
Crawford* v. *Tait*. If the public, under claim of right,
may hold a way under a rule based upon the statute of
limitations, the protection is extended under the same
exceptions to the like rule which prevails in cases between
citizens contesting their respective rights to lands. We
have ruled in *Grube* v. *Wells*, *post*, 148, that in case
of mistake of land owners as to the division line of their
lands, the possessor, holding the lands as a part of his
tract, and believing it to be within his boundary, is not
protected by the statute. This rule is applicable to the
case of the public using a way supposed to be on a certain
line, but which, through mistake, is not really upon it.
The claim of the public is confined to the true line; the
use, in order to draw the benefit of the statute, must cor-
respond with the claim of right. Under the rules of the
cases just cited, the conclusion is irresistible. In the case
at bar, it appears that the use of the road did not corre-
spond with the claim of right. The statute is, therefore, no
bar to defendants resuming possession of the land mistak-
enly used by the public.

II. The same conclusion is reached by a different course
of argument. It is briefly this: The right of the public
to use the road rests upon dedication, or legal establish-
ment by county authority. It cannot be supported under
claim of dedication, for the fact that it was established by
the proceedings at law is inconsistent with the claim of
dedication. If it was established by dedication, the legal
proceedings were needless. If the road existed by dedica-

tion, why appeal to the law to establish it? That this was done must be taken as conclusive evidence that there had been no prior dedication. If the road is supported exclusively on the ground of its legal establishment, it must correspond with the order, or judgment creating it.

If the statute of limitations is relied upon on the ground of long user, in that case, if the use did not correspond with the true line of the road, as understood and intended by the public and land owners, then will the doctrine of *Grube* v. *Wells* defeat the operation of the statute.

The use in this case cannot be held to be adverse, as it was intended to conform to the line prescribed in the order establishing the road, and the law will not presume a grant, or support a prescription on account of a slight and mistaken variance between the use and that line. *Atkins* v. *Bordman et al.*, 20 Pick. 291; S. C., 2 Metc. 457; *Comegys* v. *Carley*, 3 Watts, 280; *Gray* v. *McCreary*, 4 Yates, 494; *State* v. *Crow*, 30 Iowa, 258.

III. The evidence in the case will not establish a dedication, for an essential element, the *animus dedicandi* of the land owners, is wanting. A dedication of land to the use of the public rests upon the intention and clear assent of the owner of the soil. When acts are relied upon to establish it, they must be inconsistent and irreconcilable with any inference except the *animus dedicandi;* they must be unambiguous and unequivocal. *Irwin* v. *Dixon*, 9 How. 10; see, also, 2 Smith's Lead. Cas. (Hare & Wallace's Notes), pp. 181, 182, and authorities cited. The evidence in this case fails to show the *animus dedicandi* of defendants; in fact, it is shown that they did not intend to assent to the use of the land occupied by the public. Their assent was limited to the use of the land, upon the middle line of the quarter section.

We are of the opinion that the evidence is not sufficient to sustain the conviction.

Reversed.