### THE STATE v. PITMAN AND MEYERTHOLEN.

1. **Highway**: JURISDICTION OF COUNTY COURT: PETITION. The County Court acquired jurisdiction to establish a road by a petition, with due notice thereof, for the appointment of a commissioner *to examine into the expediency* of establishing it.

2. ——: ——: RECORD. A recital in the record that due notice of the application was given, *prima facie* establishes the fact.

3. **Practice**: APPEAL: ERROR. Where the record failed to show that there was no evidence that the defendants, jointly indicted for nuisance, did *not* jointly commit the nuisance, the Supreme Court will not presume error from a refusal of the court to require the District Attorney to dismiss as to one of the parties.

*Appeal from Lee District Court.*

FRIDAY, APRIL 24.

THE defendants were indicted for obstructing a highway known as the road leading from the West Point and Fort Madison road to the Franklin and Fort Madison road. They were found guilty and fined in the sum of one dollar each, and ordered to abate the nuisance. Defendants appeal.

*McCrary, Miller & McCrary*, for appellants.

*M. E. Cutts, Attorney-General*, for appellee.

DAY, J.—I. In proof of the establishment of the road the State introduced a record entry from the record of roads and highways of the county court of Lee county, of date June 6, 1859, as follows:

The State v. Pitman and Meyertholen.

" On this day a petition was presented to the county court, asking for the appointment of a commissioner to examine into the expediency of establishing a road commencing at the center of section 2, township 68 north, range 3, west; thence running west along the present township road till it intersects the road leading from Fort Madison to Franklin, and due application of this notice having been given, proof of which is filed, and the bond required by law having also been given, which was filed, the court thereupon appointed George Berry, Esq., commissioner as aforesaid, view to be commenced on the 15th day of June, 1859."

*1. HIGHWAY; jurisdiction of county court: petition.*

The State also introduced a record of said court, respecting said road, dated January 14, 1860, as follows:

"This being the day for final action in this matter, and action on the report of the commissioner, which was filed November 7, 1859, recommending the establishment of said road, and the court being fully advised in the premises, (the testimony of disinterested witnesses having been taken,) it is therefore ordered and decreed that said road be, and the same is hereby established, as reported by the commissioner, as follows: Beginning at a stone in the center of the southwest quarter, section 2, township 68, north of range 5 west, thence south, etc., etc., to Fort Madison and Franklin road, said road to be thirty-three feet wide."

Defendants objected to the admissibility of these records as evidence, as not showing jurisdiction or authority to locate or establish the road, and because they do not tend to prove the location and legal establishment of the road described in the indictment. The objection was overruled, and defendants excepted.

It is claimed that the recitals of the record do not prove the presentation of a petition as required by law. That § 824 of the Revision provides that the petition must be for the *establishment* of the road, whereas in this case the record shows that the petition was for the appointment of a commissioner to *examine into the expediency of establishing* the road.

*3. ——: ——: record.*

That the difference between the language employed, and

that provided in the statute, is not so material as to render the establishment of the road illegal, see *McCollister v. Shuey,* 24 Iowa, 362. The same objection is made to the recital of notice, and for the same reason it is not tenable. It is further objected to the notice that there is nothing to show that it was posted, as provided in § 824 of the Revision. In the recital in the record, *due application of this notice having been given,* it is clear that the words are transposed, the evident meaning being *due notice of this application.* Thus construed the record contains a recital of notice given in the legal way, to-wit: posted as required in § 824 of the Revision, and establishes, *prima facie,* the fact that such notice was given. *State v. Prine,* 25 Iowa, 232.

II. The record shows that the prosecution introduced evidence tending to show that Pitman committed a nuisance, by 3. PRACTICE: building a fence over said road, without any complicity, aid or assistance on the part of the defendant Meyertholen, and that Meyertholen committed a like nuisance without any aid or complicity on the part of Pitman.

When the evidence was closed, defendants, by counsel, asked that the district attorney be required to select which defendant he would proceed against, and to dismiss as to the other.

The court overruled defendant's request, and this action they assign as error.

It is a sufficient answer to this assignment that the record does not show that there was not evidence of an obstruction to the road made by the defendants jointly. It nowhere appears that all the evidence is abstracted. Error will not be presumed. It must be affirmatively shown.

AFFIRMED.