The State v. Gould.

THE STATE v. GOULD.

1. **Highway:** OBSTRUCTION OF: INSTRUCTIONS. Upon trial under an indictment for obstructing a highway which had been regularly laid out but whose precise location was in question, it was error to instruct the jury respecting the manner of acquiring a highway by prescription and dedication.

2. ———: ———: CRIMINAL LAW. Malice is not a necessary element of the offense of obstructing a highway, the *intention* to do so being only necessary to precede the act.

*Appeal from Buchanan District Court.*

FRIDAY, APRIL 23.

THE defendant was indicted for obstructing a highway known as the Dubuque State Road. He was tried, convicted, fined ten dollars and ordered to remove the obstruction. He appeals.

*Lake & Harmon*, and *J. S. Woodward*, for appellant.

*J. B. Powers, District Attorney*, and *M. E. Cutts, Attorney General*, for the State.

DAY, J.—As we understand the abstract, a highway, known as the Dubuque State Road, was regularly located and estab-lished upon the second connection line between Byron and Liberty townships, in Buchanan county. It is for obstructing this road, by build-ing a fence on the north line of his farm, in Liberty town-ship, which, it is claimed, is within the limits of said road, that defendant is indicted. In 1858 the first work was done on this road. At that time Neville, the road supervisor, pro-cured one Bemis to designate the correction line between said townships for the purpose of ascertaining the location of the road which, before that time, had been established. There is evidence tending to show that the road has ever since been worked and travelled upon the line designated by Bemis, and that defendant's fence is within the limits of the road thus indicated.

The fence, which it is claimed constitutes the obstruction, was erected in 1866. Before building it, the defendant had a survey made by John L. Seeley, the county surveyor, for the pur-pose of ascertaining the correction line on the north of his farm. Seeley fixed this correction line about two rods north of where the evidence seems to establish that it was fixed by Bemis. The defendant built his fence two rods south of the correc-tion line as established by Seeley, and without the limits of the road as fixed by this survey.

The court instructed the jury fully as to the manner of acquir-ing a highway by prescription and by dedication, and that they might find the defendant guilty if they found he had obstructed a highway established in either of these modes. These instructions, we think, presented a false issue, tended to con-fuse and mislead the jury, and to distract them from the real question involved, and were therefore prejudicial to the defendant.

The road was regularly laid out upon the second correction line between Byron and Liberty townships. It is clear that all parties understood the road as worked and used to be upon said line, and that whatever use was made by the public, and whatever act was done by the adjoining proprietors, was made

and done under the belief that the line designated by Bemis was the correction line. There was clearly no intent to acquire by prescription, nor to dedicate any other road than the one on the connection line. The road as worked and obstructed is either upon that line or within two rods of it. If not upon that line the use, the working of the road, and the acts which it is claimed amount to a dedication, have all occurred through mistake. The questions of prescription and dedication have therefore nothing to do with the case. The real question is, where is the second correction line? When that is determined the location of the road is determined, as well as whether defendant's fence is within or without its limits. *State v. Crow*, 30 Iowa, 258; *State v. Welpton*, 34 Iowa, 144.

II. The defendant requested the court to instruct in substance that if the defendant supposed he had a right to build the fence where he did build it, and procured the services of a county surveyor and acted under his direction in good faith, the jury would be warranted in finding for the defendant. The refusal to so instruct is assigned as error.

The indictment is for a nuisance, and charges that defendant willfully obstructed the road named, by erecting a fence upon it. Malice is not an element of this offense. It is only necessary that the act done should be willful, that is of purpose, intentional, as contradistinguished from accidental. If one's wagon breaks down in the highway, and for a time obstructs travel, this is an accident for which he is not responsible if he removes the obstruction within a reasonable time. But if he intentionally builds a fence within the limits of a highway, which impedes travel, such act constitutes a nuisance, and is none the less a nuisance on account of the belief of the party that the fence is not in the highway. The public cannot be deprived of, nor impeded in, the right to the use of a highway because of the mistake, however honestly made, of one who places an obstruction upon it. Such facts would very properly be considered in mitigation of punishment, but they do not show that no nuisance has been committed.

The court did not err in refusing to give the instruction under consideration.

For the error before mentioned the judgment is

REVERSED.