THE STATE v. SCHILB.

1. **Highway**: WIDTH OF: PLAT. Where an order establishing a highway contained a reference to the plat of the commissioner, it was *held* that the plat constituted a part of the order, and that the width of the highway laid down in the plat constituted the width of the highway as established by the order of the county judge.

2. ———: PRESCRIPTION: MISTAKE. Where in place of the highway regularly established the public have used and improved a line of road varying therefrom, the owner of the land encroached upon, upon the discovery of the mistake, has the right to move his fence to the boundary line of the highway.

*Appeal from Des Moines District Court.*

WEDNESDAY, MARCH 20.

THE defendant was indicted and convicted for obstructing a certain ancient and public highway, and now appeals to this court.

*J. H. Bremmerman*, for appellant.

*J. F. McJunkin*, Attorney General, *D. N. Sprague* and *Power & Antrobus*, for the State.

ADAMS, J. The evidence tended to show that in 1858 a county road was duly established in Franklin township in the county

1. HIGHWAY: of Des Moines on the section line between sections width of: plat. 32 and 33; that a road was fenced along the section line, but so fenced, as appears from a recent survey, that the center of the road and travel were a few feet east of the section line; that the section line having been ascertained by survey the defendant moved his fence to within sixteen and a half feet of it to conform to the survey and under a claim that the road was only 33 feet wide. Records were introduced for the purpose of showing the width of the road, and in relation thereto the court gave an instruction which is in these words: "This record shows that the road described therein is by law

sixty-six feet wide." The giving of this instruction is assigned as error.

The original papers connected with the establishment of the road are lost. It is impossible, therefore, to determine whether the petition asked for a road 66 feet wide or 33 feet wide. An order was made appointing a commissioner to make a view and report upon the expediency of establishing a county road, the route for which road was described in the order, but nothing was said in regard to the width. The commissioner reported in favor of the road, except the north mile, and attached a plat to his report which showed the location, and upon the plat are these words: " Whole length of road reported, three miles, sixty-three chains and twenty-seven links. Road thirty-three feet wide." An order was then made by the County Judge which is in these words: " On this day this cause coming on for hearing, whereupon it being found that the commissioner heretofore appointed in this case has reported in favor of said road, and the court also finding that the said road is necessary, it is hereby ordered that said road, described as follows: Commencing in the Pleasant Grove, at the corner of sections 16, 17, 20 and 21 in township 71 N., range 3 W., and thence southwardly on the nearest and best route until it intersects the Hull road in Flint River township, subject to the variations shown by the plat of the commissioner, be established, recorded and opened." It will be observed that the order describes the location by fixing the point of commencement and by reference to the plat of the commissioner. Without the plat the location could not be ascertained. By the reference made to the plat in the order, the plat is made a part of the order. Upon the plat the road is described as thirty-three feet wide. The road which the commissioner recommends the establishment of is thirty-three feet wide. There is no evidence that he would recommend a wider road. The court recites that it finds " that the said road is necessary." It must, we think, be understood substantially as saying that it approves the report and adopts the recommendation. In saying it finds said road necessary, it must be understood as saying it finds *such* road necessary. Indeed, as there was no

road at that time, the most it could find was that such road as was recommended was necessary. To constitute such road the width was an essential element.

It seems to us that the court must be understood as having adopted the width reported. The order having been made with reference to the plat, and being incomplete and meaningless without it, we must presume that the plat was before the court when it made the order. With the plat before it and adopting it in the order, and knowing that it was to become a part of the record in the case, it seems unreasonable that the court should have designed to establish a road sixty-six feet wide instead of thirty-three as described in the plat, and yet have used no language expressly from which such design can be inferred. We are of the opinion, therefore, that the court designed to adopt the plat for description as a part of the commissioner's report, including the words indicating the width as well as the words and lines indicating the location. It follows that in our opinion the District Court erred in holding that the road as shown by the record is sixty-six feet wide.

The evidence tended to show that the public use and claim had been of a road thirty-three feet wide, and that the use was 2. ——: prescription: mistake. supposed to be upon the section line. The defendant asked the court to give an instruction which is in these words: "Where the public have instituted proceedings to locate a highway, and have caused the records thereof to be made, and have proceeded to open, improve and use it as such under and pursuant to the rights claimed under such legal proceedings; and where they have in so doing made a mistake, and improved and used a line of road a few feet variant from the true and correct line, the use and occupation will not perfect or ripen the right of the public to that part of the way which is used outside of the limits and bounds of the true and correct road as established. And under such circumstances, when a mistake is discovered, the person owning the land along the said road has a right to move his fence out to the true and correct boundary of the road, and is guilty of no offense in so doing." This instruction the court refused to give, and the refusal is assigned as error. We think the instructon should

have been given. The doctrine of the instruction is held in *Onstott et al v. Murray,* 22 Iowa, 457; and *The State v. Crow,* 30 Iowa, 258.

REVERSED.