The State v. Waterman.

7. ——:——: ——:evidence of payment.

AFFIRMED.

---

THE STATE v. WATERMAN.

1. **Highways:** ESTABLISHMENT: NOTICE: JURISDICTION: PRESUMPTION. Under section 519 of the Code of 1851, providing that "previous to the presentation of a petition for the establishment of a county road four weeks' notice thereof must be given by being posted up" at certain named places, an affidavit of the petitioner,

attached to a copy of the notice on file with the papers, stating that he posted the notices at the required places, but failing to state the time of posting, was not sufficient to give the county court jurisdiction to establish the road. And since the record of the court in the case contained this recital: "Affidavit of J. T. (the petitioner), signed and sworn to, of posting up notices according to law, and filed with the papers," *held* that no presumption could be entertained, from the fact that the court assumed jurisdiction, that it had before it other evidence that the notices were posted in due time; for when a court undertakes to state the evidence on which its jurisdiction rests it will be presumed that it states it all. (See opinion for citations.)

2. ——: ——: NOTICE: SUFFICIENCY: SERVICE: EVIDENCE. In such case, where the validity of the establishment of the alleged highway was in question, the testimony of the petitioner that he posted the notices in the time required by law was immaterial, since the notice itself was fatally defective in not stating the time when the petition would be presented.

3. ——: DEDICATION BY MISTAKE: ESTOPPEL. Where the owner dedicates land for a highway under a mistaken belief that it is a legal highway, and it is accepted as such, and expense is incurred by others upon the faith of the dedication, it is binding on the landowner. (See *Marratt v. Deihl*, 37 Iowa, 250.)

4. ——: VOID PROCEEDINGS TO ESTABLISH: TITLE BY PRESCRIPTION. While title by prescription cannot be acquired by the public to land used as a highway under a mistake of fact on the part of the public and the land-owner as to the true location of the highway (see opinion for citations), yet where it is so used in mutual reliance upon proceedings establishing the highway, which are afterwards found to be void, such mistake is one of law, and such use is based on color of title, and after ten years it ripens into title by prescription. (See *Railway Co. v. Allfree*, 64 Iowa, 503, and *Colvin v. McCune*, 39 Iowa, 504.)

*Appeal from Clayton District Court.*—HON. L. O. HATCH, Judge.

FILED, FEBRUARY 5, 1890.

DEFENDANT was indicted and tried for the crime of nuisance, alleged to have been committed by obstructing a public highway, and was acquitted. The state appeals.

*John Y. Stone*, Attorney General, *J. Larkin* and *R. Quigley*, for the State.

*James O. Crosby*, for appellee.

ROBINSON, J.—The course of the alleged highway in question is irregular, but its general direction is from north to south. It extends lengthwise through an eighty-acre tract of land which is owned by defendant. It is shown, and not denied, that he obstructed it by the building of a fence, but it is claimed that it was not a legally established public highway. The evidence tends to show the facts of the case to be as follows: An attempt to establish the alleged highway in the manner provided by law, was made in the year 1860. A petition was presented to the county court of Clayton county for that purpose, together with proof of service of a notice that a petition would be presented. A commissioner named Brown was appointed to examine the route prepared for the highway and to act and report thereon. A report in favor of the establishment of the highway was made, and a day for the final hearing was fixed by the court. On the day so fixed, to-wit, May 7, 1860, the court ordered that the road be established, according to the survey and report of the commissioner, as a public highway. From that time until the year 1886 the road in question was traveled by the public substantially on the line alleged to have been surveyed by the commissioner, and was treated by the inhabitants of the vicinity and the road supervisors as a public highway. In 1866 defendant purchased the eighty-acre tract of land already referred to, and did so knowing that the road in question was claimed to be a public highway. About the year 1869 defendant employed a surveyor named Zearley to locate the road according to the commissioner's report of the survey, and at another time prior to 1874 employed a second surveyor for the same purpose. Both of those surveyors located the road substantially on the line now in question. After the surveys were made, defendant treated the road as a public highway, fenced it from his fields on each side, and spoke of it as a highway. In 1884 a highway, commencing in the road in question, was established in part

over land of defendant, and he was allowed one hundred dollars as damages on that account. The value of that highway to those who wished to travel it depended in large part upon the road in question being a public highway. A short time before it was obstructed by defendant other surveys were made, which, it is claimed, show that the highway which the court attempted to establish was not on the line of that in question. It is also claimed that the proceedings for the establishment of the highway were fatally defective. We are not asked to pass upon the sufficiency of the evidence to sustain the verdict, but to decide certain legal questions which are involved in the appeal.

I. The road in question is known as "number 297." The fifth paragraph of the charge is as follows:

1. HIGHWAYS: establishment: notice: jurisdiction: presumption. "(5) The first question for your consideration is this: Is the road in question a public highway? The record and papers introduced by the state to prove that road known as 'number 297' was established by the county court of Clayton county shows that the proper steps were not taken to give the county court jurisdiction of the matter, and the order of the court, establishing the road, is therefore void, and road number 297 is not a public highway. The record evidence, therefore, in regard to this road, can have no value, except to show the attempt to establish a road, and to explain the action of defendant and others in relation to the same."

The record of the county court in regard to the road, from the presentation of the petition therefor up to and including the appointment of the commissioners, is as follows: "February term, 1860. At a regular session of the county court, held at Garnavillo, said county, February 6, 1860, the petition of Jacob Thein and others was presented, asking the appointment of a commissioner to view and locate a road commencing at the guide-board near B. L. Mead's, running south through sections 24 and 25; thence down the Turkey river bank, terminating near John Garber's mill. Affidavit of John Thein, signed and sworn to, of posting up

notices according to law, and filed with the papers.
Bond executed by Jacob Thein, as the law directs.
A. Brown was appointed commissioner to view the pro-
posed road, commencing February 20, 1860, and report
upon the same. Commission issued February 6, 1860."

A petition and notice filed on the date of the fore-
going record were introduced in evidence. The notice
stated that a petition would be presented at the "Feb-
ruary term of the county court of Clayton county,
Iowa," but did not specify the place where, nor the
year in which, the presentation would be made. An
affidavit by Jacob Thein, and sworn to by him before
the county judge, was attached to the notice. It recited
that the affiant posted "one notice on the court-house
door, and three notices in three public places in Volga
township, of which the annexed notice is a true copy,"
but failed to state when the posting was done. The
proceedings to establish the road in question were had
under the provision of the Code of 1851. Section 519
of that Code required the notice to be posted four weeks
previous to the presentation of the petition. The record
proof of posting was not sufficient. It is contended by
counsel for the state, however, that it should be pre-
sumed that there was other proof than the affidavit of
Thein, competent and sufficient, which showed legal
service of the notice. The cases of *McCollister v.
Shuey*, 24 Iowa, 363; *Woolsey v. Supervisors*, 32 Iowa,
130, and *Carr v. Fayette County*, 37 Iowa, 608, are
cited as supporting that claim. Those cases held that
where the record recites that due service of the notice
was made, or where the record is silent as to that, and
nothing to the contrary appears, it will be presumed
that proof other than that disclosed by the record,
when that is not sufficient, was offered, and acted upon
by the court. But the only fair construction to be
placed upon the record in this case is that the court
received no proof of service other than the affidavit of
Thein. That alone is referred to as proof of service.
The court attempted to identify the proof upon which

it acted, and there is no ground for presuming that it failed, nor that proof was submitted which is not shown by the record. It is true that section 523 of the Code of 1851 required the court to be satisfied that due notice had been given before appointing a commissioner, but it has been held that the fact that an inferior tribunal has acted in a proceeding before it, as though it had jurisdiction of the parties, raises no presumption that it had acquired such jurisdiction, in the absence of a recital in the record to that effect. *McBurney v. Graves*, 66 Iowa, 316. Even an adjudication by a tribunal that it has jurisdiction of the parties will not prevail against the record in the case which shows that it has not. *Miller v. Corbin*, 46 Iowa, 151; *Bardsley v. Hines*, 33 Iowa, 157.

It is said that "the presumptions which the law implies in support of the judgments of superior courts of general jurisdiction only arise with respect to jurisdictional facts, concerning which the record is silent. Presumptions are only indulged to supply the absence of evidence or averments respecting the facts presumed. They have no place for consideration when the evidence is disclosed or the averment is made. When, therefore, the record states the evidence, or makes an averment with reference to a jurisdictional fact, it will be understood to speak the truth on that point, and it will not be presumed that there was other or different evidence respecting the fact, or that the fact was otherwise than as averred." *Galpin v. Page*, 18 Wall. 350. The rule would apply with at least as much force to courts of inferior jurisdiction. *Morrow v. Weed*, 4 Iowa, 87.

II. The state offered to show by Thein that the notice was in fact duly posted as required by law. The notice referred to was that to which the proof of service already considered was attached. Section 520 of the Code of 1851 required the notice to state the time at which the application would be made to the county court. The one in question was fatally defective, in

2. —: —:
notice: sufficiency:
service: evidence.

The State v. Waterman.

that it failed to specify. the time when the application would be made with sufficient definiteness. It was not dated, and the only reference to time is contained in the words, "a petition will be presented at the February term of the county court of Clayton county." The year of the term referred to could only be conjectured. Since the notice was not sufficient, evidence to show that it was duly posted was immaterial, and the question presented as to the competency of the proposed evidence need not be determined.

III. The court charged the jury as follows: "If you find from the evidence that the defendant caused the Zearley survey to be made, and fenced out a road along the same, not intending thereby to give or set apart a highway for the public, but only intending thereby to leave for the public the highway which the defendant believed the public had already acquired by the action of the county court, you will find there was no intention to dedicate, and therefore no dedication." There was some evidence tending to show that dwellings had been located and constructed, and a highway established, upon the belief that the road in question was a public highway, and that defendant had contributed to that belief. The case is, therefore, brought within the rule announced in Marratt v. Deihl, 37 Iowa, 250, where it was held that a dedication made and accepted, under a mistaken belief that the road was a legal highway, was binding, where expense had been incurred upon the faith of the dedication. The portion of the charge quoted was therefore erroneous.

3. ———: dedication by mistake: estoppel.

IV. The thirteenth paragraph of the charge is as follows: "If you find that the road in question was continuously used and claimed by the public as a public highway, for ten years or more, with the knowledge of such claim and use on the part of defendant, and without objection from him; and if you further find that defendant had express notice of such claim on the part

4. ———: void proceedings to establish: title by prescription.

of the public, independent of, and distinct from, the use of the road by the public, you will find that such road became a public highway by prescription, unless the defendant's failure to object to such use and claim was the result of a mistake on his part. If he did not object, because he believed the road in question was a public highway, duly established by the county court, such road did not become a public highway by prescription." Counsel for the state contend that the belief of defendant in regard to the effect of the action taken by the county court to establish the road as a public highway was immaterial, and therefore that the last part of the paragraph quoted was erroneous. In the cases of *State v. Crow*, 30 Iowa, 258; *State v. Welpton*, 34 Iowa, 144; *State v. Gould*, 40 Iowa, 372; and *State v. Schilb*, 47 Iowa, 611, it was held, in effect, that title by prescription could not be acquired to land used as a public highway under a mistake of fact on the part of the public and the land-owner as to the true location of the highway; but in this case the mistake contemplated by the charge was one of law, in regard to the legal effect of the action taken by the county court. It was said, in *State v. Welpton, supra*, in effect, that ten years' use of a way by the public, under a claim of right, would, under our statute of limitation, bar the right of the land-owner to it. It was further said that the public has the same protection as one holding the possession of lands adversely, under claim of right. The claim of right sufficient to sustain the bar of the statute may be a mere color of title, based upon void proceedings. *Chicago, R. I. & P. Ry. Co. v. Allfree*, 64 Iowa, 503; *Colvin v. McCune*, 39 Iowa, 504. The belief of defendant as to the right of the public to use the road in question would not affect its right to acquire title by prescription. We conclude that the thirteenth paragraph of the charge is erroneous.

V. Other questions are discussed by counsel, but, since the defendant was acquitted in the court below, it is not necessary to determine them. The judgment of the district court is                    REVERSED