| 88 | 689 |
| 92 | 125 |

THE STATE OF IOWA, Appellee, v. MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY, Appellant.

1. **Highways:** OBSTRUCTION BY RAILROAD COMPANY: RECEIVER. A railroad company can not be convicted for an obstruction erected or maintained over or upon a public highway during the time that its business and property have been in the hands of a receiver.

2. ———: ———: INSTRUCTION TO JURY: WHOLE CHARGE TO BE CONSIDERED. In a prosecution against a railroad company for obstructing a public highway, the court instructed the jury to return a verdict of guilty, if they found that the defendant had "erected *and* maintained" the alleged obstruction between certain dates. From the other instructions in the charge it was clear that the court meant to say "erected *or* maintained." *Held*, that a verdict of guilty was not contrary to the instruction, where the evidence showed that the defendant had erected the obstruction prior to the time limited, and had maintained it within that time.

3. New Trial: NEWLY DISCOVERED EVIDENCE: DILIGENCE. The defendant moved for a new trial upon the ground that it had, since the trial, discoverd the original papers relating to the establishment of the highway, from which it appeared that it had never been legally established, and that it had not been able to obtain this evidence in time for the trial. But upon its own showing it appeared that, though the indictment had been pending for a year, it had made no effort to discover these papers until just before the trial, and no excuse was shown for such want of diligence. *Held*, that a new trial was properly denied.

4. Highways: OBSTRUCTION: EVIDENCE OF ESTABLISHMENT: RECORD. Where the record of the board of supervisors showed that all proofs and petitions relating to the establishment of a certain highway were before them when they declared it established, and, with these before them, they found of record that "all the prerequisites of the law have been complied with," *held* that, in the absence of a contrary showing, this record was sufficient, in a prosecution for obstructing the highway, to prove that due notice had been given to the owners of land affected thereby, as required by section 936 of the Code.

*Appeal from Webster District Court.—*HON. S. M. WEAVER, Judge.

WEDNESDAY, OCTOBER 4, 1893.

INDICTMENT for nuisance in obstructing a highway. Plea of not guilty. Verdict of guilty. Sentence imposed. The defendant appeals.—*Affirmed.*

*R. M. Wright,* for appellant.

*John Y. Stone,* Attorney General, and *W. S. Kenyon,* for the State.

KINNE, J.—The indictment in this case charges the defendant with wrongfully and willfully obstructing and incumbering a certain highway known as the "Peterson No. 2 Road," in Webster county, Iowa. To this indictment the defendant pleaded not guilty. It appears that in 1880 the defendant built its railway track across this highway. In so doing it placed it about two feet above the surface of the ground.

Immediately to the east of its track, and on this highway, the defendant made an excavation about six feet deep, so that travelers on the highway coming from the east would be prevented from crossing the railroad by reason of the hole made by the excavation, and in coming from the west on the highway the two-feet rise would prevent crossing the railroad. The highway has been in this condition ever since the railroad was built, and has never been traveled. Since June 29, 1888, the defendant has been in the hands of, and operated by, a receiver. The indictment was found on December 1, 1890.

It is claimed that, even if the highway was a legal one, the evidence does not show that it was obstructed by the defendant. We need not set out the evidence. It is conclusive as to the obstruction of the highway, and it is without conflict.

I. The claim last above referred to is based, in part, upon the fact, which was not disputed, that since

1. HIGHWAYS: obstruction by railroad company: receiver.

June 30, 1888, the defendant's road has been operated by a receiver. The court expressly instructed the jury that the defendant could not be convicted for any obstruction erected or maintained over or upon the highway in question during the time its business and property had been in the hands of a receiver. Under the charge the jury were limited, in their inquiry as to the obstruction of the highway, to the time between December 1, 1887, being three years prior to the finding of the indictment, and June 30, 1888, the date when the receiver took possession of the road. The instruction was proper, and under it and the evidence the jury must have found that the obstruction was erected or maintained by the defendant before it passed into the receiver's hands. The evidence, without conflict, sustained such a finding.

II. Error is assigned on the giving of the fifth instruction by the court, which says: "If then you find from the evidence, beyond a reasonable doubt, that at any time during the three years prior to the finding of this indictment, and before the appointment of a receiver, that is, between December 1, 1887, and June 30, 1888, the defendant obstructed the public highway known as the 'Peterson Road No. 2,' in said county of Webster, or by erecting and maintaining over and upon said road a high embankment by digging or excavating ditches across the same, and that said obstruction was not a mere temporary interruption of the use of the highway, necessarily occasioned by the building or construction of the railway, then you should return a verdict of guilty." It is argued that the words "erecting and maintaining," used in the instruction, limit the inquiry of the jury to such obstructions as the defendant erected and maintained within the time set forth in the instruction, and it is said the verdict is contrary to this instruction, as the evidence clearly shows that no such obstructions were erected or made within the time mentioned, but were erected when the railroad was built. The instructions must be construed together. It is likely that the court intended to use the conjunction "or," instead of "and," so that the sentence would read "erecting or maintaining." This view is supported by the fact that in the fourth instruction the jury are told that the defendant could not be convicted for any obstruction "erected or maintained" upon or over the highway while defendant's road was in the hands of a receiver. In the seventh instruction the court, in defining what character of an obstruction would constitute a nuisance, says: "And if, after a reasonable time has elapsed for the completion of such construction, the railway company fails, neglects, or refuses to furnish and maintain a reasonably safe and

*2. ——: ——: instruction to jury: whole charge to be considered.*

convenient crossing, it will become liable for erecting or maintaining a nuisance." The same matter is referred to in other instructions, from which it is plain that the jury must have understood that the defendant would be guilty if it, during the time mentioned, willfully maintained the obstruction, even though it had been erected years before. Viewing the instructions as a whole, the meaning was clear, and there was no error in them.

III. Counsel for the appellant filed an amendment to his motion for a new trial, alleging, among other grounds, newly discovered evidence material for the defendant, which it is alleged could not, with reasonable diligence, have been discovered and produced at the trial. This ground of the motion is supported by the affidavit of Mr. Wright, wherein he swears: "I am the attorney for the defendant, the Minneapolis & St. Louis Railway Company, and was such at, and prior to, the time of the trial of the above entitled cause; that just prior to the trial of the cause I went into the office of the auditor of Webster county with the intention of examining the papers pertaining to the Peterson No. 2 road, including the road petition, the bond, the commission, the report of the commissioners, the orignal notice, the notice to appraisers, and the report of the appraisers; that, on my going there, diligent search was made for the said papers, and they could not be found, and I was not able to find out where they were, nor what had become of them, nor even if they were in existence or not, and I did not know where they were, nor whether they were in existence, and I had no copy of them." The affidavit then shows that affiant did not know the contents of these papers; that he has since found them, and attaches them to his affidavit; that they show that the notice provided by law was not given, and other facts that need not be recited. While

*3. New trial: newly discovered evidence: diligence.*

the newly discovered evidence is made a ground for a new trial in the motion, there is no assignment of error to the action of the court in overruling the motion on this ground.     Even if error had been assigned, it would not avail the defendant.     The facts set forth in the affidavit show no diligence on its part.     The indictment was returned December 1, 1890; the trial began December 4, 1891.     Though over a year intervened between the two events, yet the defendant waited until "just prior to the trial" before it caused any effort to be made to ascertain the whereabouts of the papers now claimed to be material to its defense.     No excuse is offered for the neglect.     The bare statement of the facts is sufficient to show that the application for a new trial on the ground of newly discovered evidence is without merit.

IV.     The real contention in this case is that the defendant could not be guilty of nuisance because the alleged highway, claimed to have been obstructed, was not a legal highway. The statute provides that, within twenty days after the auditor fixes the day for the commissioner to commence his examination into the expediency of the location of the proposed highway, a notice shall be served on each owner or occupier of land lying on the proposed highway, or abutting thereon, in the manner provided for the service of original notices in actions at law; and such notice shall be published for four weeks in some newspaper printed in the county. The statute also provides the form of notice.     Code, section 936.     It is said that the record shows that no such notice was printed as required, and that there is no recital in the record that a printed notice was given. That the giving of such a notice is jurisdictional has often been determined.     *Snyder v. Foster*, 77 Iowa, 641; *C., R. I. & P R'y Co. v. Ellithorpe*, 78 Iowa, 418; *State v.*

4. HIGHWAYS: obstruction: evidence of establishment: record.

*Weimer*, 64 Iowa, 244; *State v. Anderson*, 39 Iowa, 275; *McBurney v. Graves*, 66 Iowa, 314.

In the final order made by the board of supervisors establishing the road, the following appears: "And it appearing to the board that all the prerequisites of the law have been complied with," etc., there is nothing else in the record which can be said to refer to notice, and the question is, is this recital sufficient to show that notice was given, or to raise a presumption to that effect which will be good, unless overcome by other proper evidence. A brief review of the cases touching this question of notice may aid us in determining the sufficiency of the statement in the record to confer jurisdiction. The cases of *Snyder v. Foster*, 77 Iowa, 641, and *C., R. I. & P. R'y Co. v. Ellithorpe*, 78 Iowa, 418, go to the extent of holding that such notice is necessary to confer jurisdiction, and in the latter case it is held that notice will not be presumed from the fact of the establishment alone. In *Richman v. Board*, 70 Iowa, 632, it is held that jurisdictional facts can not be presumed. In *State v. Berry*, 12 Iowa, 58, there was an entire absence of evidence as to the giving of notice, and the court held that in such a case, when it appeared that the court never acquired jurisdiction, no presumption obtained in its favor; that it must appear in some manner that notice was given. In *State v. Anderson*, 39 Iowa, 275, there was no evidence of notice, nor did it appear that the board found that notice had been given, or that they passed upon the question, and it was held jurisdiction would not be presumed. In *McBurney v. Graves*, 66 Iowa, 317, it is said: "Where the tribunal (board) determines that the preliminary steps essential to give it jurisdiction have been taken, and makes that determination a matter of record, the statute raises a presumption in favor of the correctness of the determination." In *State v. Waterman*, 79 Iowa, 365, it is held that the fact that an inferior tribu-

nal has acted, in a proceeding before it, as though· it had jurisdiction of the parties, raises no presumption. that it acquired such jurisdiction, in the absence of a recital in the record to that effect, and that such an· ·adjudication of jurisdiction will not prevail· against a record showing it did not have jurisdiction. In *Pagels v. Oaks*, 64 Iowa, 200, it was held that no proof of publication of the notice was required by the statute. It is· provided in Code, section 938, that, if the auditor is satisfied that the notice has not been served and published as provided by the section heretofore referred· to, he must appoint another day, and cause such notice to be served or published as required by law. In the case last cited, in referring to this provision of the law, the court says that the auditor's "determination, therefore, that notice had been duly published, should, perhaps, merely cast upon those asserting the contrary the burden of proving want of publication. That his determination should have that effect seems to us clear." True it is that the record of an inferior tribunal must show the. facts which confer jurisdiction. *Goodrich v. Brown*, 30 Iowa, 294.

*Bardsley v. Hines*, 33 Iowa, 158, was a case of the publication of an original notice of the commencement of a suit. The decree recited that due and legal notice had been given, and stated the manner of giving notice. It appeared that the order for the notice was given by the clerk when the statute required it to be given by the court or judge, and it was held the publication so made was made without proper authority, and not good. The statute under which that case was decided required the fact, that the defendant could not be found, to be made to appear by affidavit to the satisfaction of the court or judge, and it was held the decree was not sufficiently specific in that respect. In *State v. Prine*, 25 Iowa, 231, the court found that notice had been given, and the finding of that fact was entered of

record, and it was held sufficient to show jurisdiction. The phraseology of this finding does not appear. In *State v. Pitman*, 38 Iowa, 254, it is held that the recital in the record meant that "due notice of this application" had been given, and that it was sufficient. Now, the record in the case at bar shows that all proofs and petitions relating to the establishment of the road in controversy were before the board when they acted, and that they, with these before them, found that all the "prerequisites of the law had been complied with." It seems to us, in view of the cases referred to, and of the recitals of this record, that the board found, among other things, that legal notice had been given. The record shows that all proofs were before them, and, in view of the finding, we may well presume that proper proof was shown therein that due and legal notice had been given. That the notice itself, or proof of it and its service, was not introduced, is not material, when, as in this case, the proofs were before the board when they acted, and from them they determined that the proper notice was given. In such a case jurisdiction will be presumed, and it is for the defendant to show that in fact there was no notice. *McBurney v. Graves*, 66 Iowa, 317; *State v. Prine*, 25 Iowa, 231; *State v. Pitman*, 38 Iowa, 254. In other words, we hold that the recitals of the record, in view of what is set out therein, are equivalent to an express finding that the notice was given. See, also, *McCollister v. Shuey*, 24 Iowa, 362; *Larson v. Fitzgerald*, 87 Iowa, 402.

V. Other irregularities are complained of, which appear from the exhibits attached to the showing made by the defendant for a new trial on the ground of newly discovered evidence. These were not in evidence, and can not be further considered.

We discover no error, and the judgment below is AFFIRMED.