State of Iowa, Appellee, v. C. B. Chismore, Appellant.

HIGHWAYS: Prescription Resting on "Use" Only. "Use" alone
1    will never establish a highway by prescription.

EASEMENTS: "Use" as Evidence of Grant. "Use" of an alleged
2    highway may be admissible on the issue of *dedication* of an
     easement.

HIGHWAYS: Obstructions—Improper Issues. "Dedication" and
3    "prescription" are not proper issues in a prosecution for obstructing a *regularly* established highway.

CRIMINAL LAW: Assumption of Fact. The court may not assume
4    that testimony is true, simply because the defendant does not
     deny it. So held as to a recorded deed, introduced by the State
     on a prosecution for obstructing a highway.

*Appeal from Linn District Court.*—Milo P. Smith, Judge.

October 18, 1918.

The defendant, having been convicted upon an indict-

ment charging him with the crime of wilfully and maliciously obstructing and injuring a certain public highway, appeals. The material facts are stated in the opinion.—*Reversed.*

*F. L. Anderson* and *A. E. Lund,* for appellant.

*H. M. Havner,* Attorney General, *G. P. Linville,* and *H. K. Lockwood,* for appellee.

WEAVER, J.—The statute which defendant is charged with violating is found in that chapter of the Code treating of "Malicious Mischief and Trespass," and provides that:

"If any person   *   *   *   wilfully obstruct or injure any public road or highway   *   *   *   he shall be imprisoned in the penitentiary not more than five years, or be fined not exceeding $500." Code Supplement, 1913, Section 4807.

The defendant owns land along the course of the highway in question, and the act constituting the alleged offense was the construction of a fence within its boundaries. At the place where the fence was built, if we understand the record, the proper location of the road, if one exists, is upon the boundary between the land of the defendant on the west, and of one Harnish on the east. There was evidence that, on the plea or claim that the road as it had been used and maintained for many years encroached upon his land, defendant notified the township trustees to have Harnish move his fence back, and stated his purpose to move his own in that direction. The new fence so constructed by defendant was placed along or near the middle of the traveled way, and about 30 feet from the section line. The question below was, in effect, whether the act of defendant in this respect was done under circumstances justifying his conviction of a violation of the statute.

Of the questions argued by counsel, we may note the following:

I. It is objected that the location and establishment of the highway were not properly shown. The record of such establishment and the identification of the original location, operation, and use of the road are by no means clear; but we think it cannot be said that the showing is insufficient to sustain a finding by the jury in accordance with the State's theory at this point. We shall not attempt any review of the testimony bearing thereon. It is the frequent, if not common, experience of the courts of this state to find that the earlier records, in most of our counties, relating to proceedings for establishing, vacating, and changing highways, were very loosely kept, necessitating a considerable degree of liberality in so construing them as to avoid confusion and disturbance of conditions which have had the unquestioned acquiescence of the property owners affected, and of the general public, for many years. It is enough to say that, if this were the only exception to be considered, we should not feel at liberty to disturb the verdict or judgment below.

II. There was evidence tending to show that, early in the history of the county, a road was established, as by statute provided, along or near the course of the road now in dispute, and that such establishment

1. HIGHWAYS: prescription resting on "use" only.

was confirmed or recognized by a resurvey in the year 1900. It was also shown that the road, as actually used and traveled between the lands of defendant and Harnish, had been so maintained for many years. Relating to this feature of the case, the court charged the jury that a public road may be established by "statute, by prescription, and by dedication." Concerning what is necessary to be shown, to constitute such establishment, the court said:

"A public highway is established by statute when a petition is duly signed and presented to the board of supervisors, and that, in compliance with said petition, the

board of supervisors establish the road proposed. A public highway is established by prescription when there has been actual public use of a road or way; that said use has been general and uninterrupted and continued for a period of ten years. A public highway is established by dedication when there has been an intention shown on the part of the owner or owners of said land that a portion of same be used for a public highway, and actual use thereof by the public as such. You are instructed that a peaceable, continuous, and uninterrupted use of a piece of ground as a highway by the public for ten years or more creates what is called a prescriptive right to use the road as such; and this right continues until it is clearly and unmistakably abandoned by the public."

Objection is made to this instruction; and, in so far at least, as it pertains to the establishment of a highway by prescription, it cannot be sustained. It is doubtful, indeed, whether the record indicates any purpose on the part of the state to claim the establishment of the road by prescription; and if it did not, then the instruction erred in that it permitted a verdict of guilty on an issue which had not been tried. But if the issue is to be treated as in the case, the instruction is still erroneous, in stating the rule governing the establishment of highways by prescription under the law of this state. By Code Section 3004 it is provided that:

"In all actions * * * in which the right to any easement in real estate shall be claimed by virtue of adverse possession thereof for the period of ten years, the use of the same shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possession shall be established by evidence distinct from and independent of its use, and that the party against whom the claim is made had express notice thereof; and

these provisions shall apply to public as well as private claims."

That this statute is applicable to alleged highways by prescription has often been held. *Zigefoose v. Zigefoose,* 69 Iowa 391; *State v. Mitchell,* 58 Iowa 567; *State v. Birmingham,* 74 Iowa 407, 408; *Gray v. Haas,* 98 Iowa 502; *Jones v. Peterson,* 178 Iowa 1389. In other words, it is the law of the state that the mere fact of public use of a road or way for any length of time, no matter how extended, will not sustain a claim of public right or title by prescription in such road or way. To this rule the instruction given by the court is diametrically opposed; for it tells the jury that a road by prescription *is* established by proof of actual public use and that such use has been general and uninterrupted and continued for a period of ten years. The error in this respect was clearly prejudicial.

This holding does not ignore the well-established rule of evidence that, where it is claimed that the road has been dedicated by the owner of the land to public use as a highway, proof of public use of such road 2. EASEMENTS: for any considerable length of time, with "use" as evidence of grant. the knowledge and express or implied consent of the owner, is admissible as a fact or circumstance tending to sustain the theory of a dedication. But the effect of the evidence was not so limited by the court; and the jury was expressly permitted to convict on the theory of a prescriptive public right shown by proof of the use for ten years, and nothing more.

Indeed, where a public highway which is alleged to have been unlawfully obstructed appears to have been regularly laid out, and the public and the road officers have been using and improving the line which 3. HIGHWAYS: obstructions: they assume to be the one so established, improper issues. the rule as to public ways by prescription and dedication has no application to the

case. *State v. Gould,* 40 Iowa 372. And this is especially true where the road has once been regularly laid out and established, and subsequently, by misunderstanding, inadvertence, or mistake as to its exact location, the road, as used, varies to one side or the other from the true line.· *State v. Welpton,* 34 Iowa 144; *State v. Schilb,* 47 Iowa 611; *State v. Crow,* 30 Iowa 258.

How far, if at all, the rule relating to the settlement of boundaries by acquiescence affects such cases, does not arise upon the record before us.

III. In rebuttal, the State was allowed to introduce in evidence a deed and the record of a deed appearing to have been made by defendant to the owner of the Harnish tract, of a strip of land for road purposes 4. CRIMINAL on the east side of defendant's farm, the LAW: assumption of fact. apparent purpose of the evidence being to show that the entire highway was located on the land owned by defendant, and, therefore, his claim of right to move the fence east, to within 30 feet of the section line, was not well founded. Referring to this feature of the case, the court instructed the jury that:

"The undisputed evidence shows that, on the 6th day of July, 1885, at about the time of the survey and location of the road by Parsons, the defendant herein, by proper deed, —being Exhibit 2 offered in evidence,—conveyed to Jonas Harnish, the owner of the land east of the portion of the road in dispute, a strip of land 30 feet wide and 55 rods long, on the east side of his farm, and along the west side of the line between his land and that of Harnish, for highway purposes. In other words, this conveyance located the entire road, of 60 feet in width, on the land of the defendant throughout the 55 rods, from a point opposite to the northwest corner of the Harnish 40, south to within 25 rods of the southwest corner of said 40-acre tract; and the defendant had no right to move his fence eastward of

the line 60 feet west from the quarter quarter line; and if he did so, then he is guilty of the'crime charged against him, and you should convict him, provided you find that he did so maliciously."

This instruction left nothing to the jury but the question of defendant's alleged malice; and if malice was found, then the jury could do no less than accept the charge as a peremptory direction to convict. The defendant did not testify as a witness in his own behalf, and therefore, as a witness, did not deny the deed; but assuredly he did not admit it. His plea of not guilty cast the burden on the State to prove every essential element of the alleged crime. No single fact put in evidence by the State is to be taken as true simply because it is not disputed upon 'the witness stand. *State v. Lightfoot,* 107 Iowa 344, 351; *State v. Carter,* 112 Iowa 15, 20; *State v. Bige,* 112 Iowa 433, 434. In criminal cases, at least, something must be left to the jury.

Other exceptions have been urged; but those we have considered are sufficient to necessitate a reversal and retrial, and we shall not extend this opinion for further discussion. The errors, if any, therein will doubtless be avoided upon a retrial. For reasons stated, the judgment below is reversed, and cause remanded for new trial.—*Reversed.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.